## CITY OF ALTUS v. MARTIN.

No. 28738.    Sept. 19, 1939.

L. A. Pelley, for plaintiff in error.

L. B. Yates, for defendant in error.

BAYLESS, C. J.    H. A. Martin sued the city of Altus, a municipal corporation, in the district court of Jackson county, for damages occasioned by annoyance, inconvenience, etc., arising from foul and noxious odors from the city's sewage disposal plant. This sewage disposal plant was on land adjacent to land occupied by plaintiff.

The first three assignments of error relate to the action of the trial court in overruling the motion to separately state and number, and overruling the demurrer to the petition, and overruling the demurrer to the second cause of action and the objection to the introduction of evidence thereon. The plaintiff contends these alleged errors are waived and the city cannot now complain of them because they were not set up in the motion for new trial and a record preserved on the court's ruling thereon. Gassoway v. Skiveers, 182 Okla. 9, 75 P.2d 1149, and other cases indexed in 2 Okla. Dig. (West) App. & Error, Key Nos. 281-301. This contention is true with respect to assignments 1 and 2, but in our opinion assignment 3 is sufficiently presented and saved by the record. While this is true with respect to 3, we are also of the opinion that it is closely allied to the complaint argued under 5, and we will discuss the two together.

Assignment 4 relates to the weight of the evidence as tested by a demurrer and by a motion for directed verdict. The city contents itself by citing the cases announcing the rules of law upon which it relies on this issue, but it does not discuss the evidence nor point out wherein it is deficient. We will not search the record to find whether and wherein the evidence is deficient. We always treat such informal presentations of error as being waivers of the proposition, especially where they are not discussed by the complaining party.

We now consider assignments 3 and 5. In 3, complaint is made of the error of the court in overruling the demurrer to that part of the amended petition relating to the

injuries to the well, and in overruling the objection to the introduction of evidence thereon. The argument is made that such injury was to the property as differentiated from the injury to the person set out elsewhere in the pleading, and that such element of damage was not properly pleaded or proven. This is virtually a renewal of the effort to make the pleading show the separate and distinct causes of action complained of under 2, heretofore held waived. Assignment 5 relates to the error of giving an instruction embodying the elements of damages and the measure thereof, which included the injury to the well, with respect to which the city argues as above that it was not separately pleaded and sufficient evidence was not introduced on the point to justify submitting an instruction thereon.

We are doubtful of the merit of assignment 3. Without approving the language or the extent to which the injury to the well was pleaded, neverthelss it will appear from what we say hereinafter that we would not be justified in reversing on this issue. The plaintiff contends that the city misconstrues the effect of the pleading with respect to the well. He insists that he was not seeking to recover for damages to the well, and thereby to the property, but was seeking damages for the personal annoyance, inconvenience, and extra labor occasioned by ridding the well of the effects of these occasional pollutions from seepage. To us this explanation presents plaintiff's pleading in a reasonable and logical aspect and makes it more than doubtful whether the cases of Oklahoma City of Tytneicz, 171 Okla. 519, 43 P.2d 747, and Oklahoma City v. McAllister, 174 Okla. 208, 50 P.2d 361, relied on by the city are applicable. There was some evidence upon this issue, but if it is considered in the light of the construction placed on it by plaintiff, it offers some aid to the jury, whereas if it should be considered according to the city's construction of it, it is of little value. We do not find any merit in assignment 3.

Assignment 5 complains of the instruction containing the damages to the well as being proper. In answer to the city's argument and citation of authorities, including the Oklahoma City cases, supra, the plaintiff cites us to a number of our decisions wherein we have pointed out what a party aggrieved by the giving of an erroneous instruction must do, and he contends that these cases qualify the applicability of the cases relied on by the city.

In Oklahoma City Ry. Co. v. Boyd, 167 Okla. 151, 28 P.2d 537, we said that counsel deeming an instruction regarding the measure of damages inaccurate must call the court's attention thereto and must submit a requested instruction on the point. There are several other cases to like effect. The city did not submit a requested instruction, and there is nothing in the record to show that it pointed out the nature of the objection it had to the particular instruction.

In St. Paul, F. & M. Ins. Co. v. Otwell, 169 Okla. 317, 36 P.2d 52, we applied a similar rule because there was evidence to sustain a verdict for damages although the instruction as to the measure was faulty.

In Shell Petroleum Corporation v. Wood. 168 Okla. 274, 32 P.2d 882, and several other cases, we held that the error of a faulty instruction could not be complained of unless it was claimed that the damages were excessive and a correct instruction submitted and requested. Although the city has assigned as error that the damages were excessive, no particular argument thereon is made and it did not request a correct instruction.

In the Shell Case, supra, and other cases an answer is made to a contention similar to the city's. Where several elements of damages were sought in a lump sum, and sufficient evidence of damages was presented to justify submitting the issue of the amount of the damages to the jury, and the verdict of the jury was only for a fraction of what was sought, it would be most difficult to say that the alleged error with respect to the one element prejudiced the city to the extent of requiring a reversal.

When it is considered that much of the support for the city's argument arises from its assumption that the damages to the well were different in character from damages to the person, it must be realized that such support diminishes accordingly when the matter is considered according to plaintiff's construction of his pleading and evidence. If it is considered that the issue respecting the well is another instance of personal damage and not an injury to the land, then the city's complaint herein loses its merit entirely.

As contended by the city, there are a number of our decisions wherein we have said it is the mandatory duty of the trial judge to instruct correctly upon the fundamental issues of law involved upon his own motion. First National Bank v. Cox, 83 Okla. 1, 200 P. 238. See 64 C. J. 819, § 678, and cases under note 35. Our statutes enjoin such duty upon the trial judges. Section 359, O. S. 1931, 12 Okla. St. Ann. § 577(5). The authorities point out that it is the duty of the parties to submit instructions upon special pleas, defenses, etc.

The correct measure of damages was a fundamental issue in this action, and it was the duty of the trial judge to instruct thereon correctly upon his own motion, but, as we have pointed out, we fail to see prejudice to the city from the instructions given, even if it be conceded the instruction on damages is subject to criticism.

The judgment is affirmed.

WELCH, V. C. J., and CORN, HURST, and DANNER, JJ., concur.