HARTFORD ACCIDENT & INDEMNITY
CO. v. CHANEY et al.

No. 30545.  July 13, 1942.

Rehearing Denied Nov. 24, 1942.

*131 P. 2d 102.*

Baker H. Melone, of El Reno, for plaintiff in error.

Bond & Bond, of Duncan, for defendant in error.

PER CURIAM. This action was instituted by Nora Chaney, hereinafter referred to as plaintiff, against Hartford Accident & Indemnity Company, hereinafter referred to as defendant, to recover on an attachment bond for damages alleged to have been sustained as the result of wrongful attachment.

The facts which gave rise to the litigation will be briefly stated. In June 3, 1940, John J. Turner, doing business as Turner Funeral Home, instituted an action in the district court of Stephens county against the said Nora Chaney to recover on an account alleged to be due and caused an attachment to be issued and levied upon an automobile belonging to the said Nora Chaney. The attachment bond required was executed by Hartford Accident & Indemnity Company as surety. On June 5, 1940, motion to dissolve the attachment was sustained, and on July 10, 1940, the action was dismissed without prejudice and the automobile released and returned to the possession of said Nora Chaney. The automobile was held under the attachment for a period of 37 days.

The plaintiff on July 16, 1940, instituted the instant action to recover damages which she alleged she had sustained in the loss of time, and loss of use of her automobile, and in attorney fees expended in procuring dissolution of attachment, all in the aggregate sum of $420. The defendant admitted the execution of the bond, the wrongful attachment and its dissolution, and that plaintiff's property had been held under attachment for a period of 37 days, but denied that plaintiff had been damaged in the amount alleged by her. Reply was a general denial. Upon the issues thus framed, trial was had to a jury. Evidence adduced by plaintiff tended to establish the fact that she was engaged

in business as a corsetiere, which required the use of an automobile, and that she had her stock in trade in said automobile when it was attached; by reason of the attachment she was precluded from carrying on her business and was required to remain in the city of Duncan for a period of 37 days, and to obtain the services of an attorney to procure a dissolution of the attachment for which she expended the sum of $50, and that her combined losses arising out of inability to carry on her business and to use her automobile amounted to approximately $370, being apportioned approximately one-half to the loss of use of the automobile and one-half to the loss of business. Demurrer of defendant to the evidence of plaintiff as well as motion for directed verdict in favor of defendant were overruled and denied. The jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $275. This judgment was assigned to Ella Brown. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of the judgment, the defendant makes two contentions, the first of which is that the evidence was insufficient to sustain a judgment in favor of the plaintiff and that its demurrer to such evidence and its motion for directed verdict should have been sustained. In support of the contentions so made, defendant urges that the evidence of plaintiff was insufficient to show the usable value of the automobile during the time which it was detained, citing Security State Bank v. Hubbard, 170 Okla. 502, 38 P. 2d 16; Parsons v. Eisele, 137 Okla. 35, 277 P. 643; Mitchelson v. Commercial Investment Trust, 97 Okla. 98, 222 P. 663; Weleetka Light & Water Co. v. Castleberry, 42 Okla. 745, 142 P. 1006; First State Bank v. Howell; 41 Okla. 216, 137 P. 657; and that plaintiff was not entitled to recover for loss of business. Stumpf v. Pederson, 180 Okla. 408, 70 P. 2d 101. An examination of the cases cited will reveal that they are authority for the rule that where damages are sought for the detention of personal property having a distinct usable value, such value is the measure of damages, and that where damages resulting from loss of anticipated profits is remote or conjectural, the same cannot be recovered. We are of the opinion that the rule announced in the foregoing cases is not properly applicable to the situation presented in the case at bar. The obligation which defendant assumed when it executed the attachment bond was that prescribed by 12 O. S. 1941 § 1153. The recovery thereunder to which plaintiff was entitled has been thus defined in Carter v. Walker, 130 Okla. 284, 267 P. 259:

"In an action for an attachment wrongfully issued and subsequently dissolved by judgment of the court issuing it, the damages recoverable against the attachment bond are compensatory in their nature and include a reasonable attorney fee, damages to the property seized under the writ, costs, expenses and loss of time in procuring dissolution of the attachment, but these damages, to be so recoverable, must be the proximate result of the attachment, and the reasonableness thereof must be shown."

And in Leasure v. Hughes, 72 Okla. 75, 178 P. 696, wherein it was said:

"When attachments wrongfully sued out have been dissolved, the defendant therein is entitled to recover as damages any reasonable and necessary expenses incurred in procuring the dissolution of said attachment, including reasonable attorney's fees, and all damages to the merchandise seized under the writs, and also any profits he might have made in conducting his business if his store had not been closed and the goods removed under the writs."

Although the proof could have been more specific with respect to the items of damages alleged, it appears that the parties treated the loss of time and loss of use of the automobile as being so interwoven as to constitute a single item and to have confined their testimony thereto. The evidence so treated is sufficient to establish damage to the plaintiff in the amount found by the jury, particularly when the expense of dissolution of the attachment is taken

into consideration, and concerning which there was no dispute in the evidence.

It is next contended that the court erred in giving instruction No. 5, which instruction reads as follows:

"You are instructed, gentlemen, that plaintiff's cause of action grew out of and was the result of a wrongful attachment of her automobile, and in this connection you are instructed that under the law where property is wrongfully attached the owner of same is entitled to recover any damages sustained by reason of the attachment, together with a reasonable attorney's fee, where an attorney is employed to defend in an attachment proceeding. And you are further instructed that the plaintiff's measure of damages would be the loss of profits, if any, reasonably shown to have been lost by her in her business in which she was engaged at the time, for the length of time she was deprived of the use of her automobile by reason of said attachment, together with a reasonable attorney's fee."

The defendant excepted to the giving of said instruction but did not offer any other instruction. The vice in said instruction is said to consist in its failure to properly define the measure of damages with reference to the loss of use of the automobile. As said in City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1:

"In the trial of a law case before a court and jury, it is the duty of counsel to give attention to the instruction which the court gives to the jury, and if, in their opinion, the court has failed to give a proper instruction covering the measure of damages, to call attention to the court to such question, and to request or submit appropriate supplementary instructions on this subject; and, where counsel content themselves by saving a mere technical objection and fail to timely present a requested instruction embodying their theory of the applicable law as applied to the evidence, the cause will not be reversed where it appears that such error, if any, is based solely upon an improper instruction covering such measure of damages, provided said instructions taken as a whole did not mislead the jury and produce a verdict against the evidence."

The instruction, even though technically objectionable for the reason stated by the defendant, under these circumstances, would not justify a reversal. See Oklahoma Ry. Co. v. Boyd, 167 Okla. 151, 28 P. 2d 537.

An examination of the record shows that the instructions taken as a whole did not mislead the jury, and that there was competent evidence to support the verdict returned by the jury. It is not claimed that the judgment was in any manner excessive. We find no prejudicial error in the record.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY, HURST, and ARNOLD, JJ., absent.