AMERICAN TRANSFER & STORAGE CO. et al. v. GRENINGER, Adm'x, et al.

No. 30475. Oct. 27, 1942.

Rehearing Denied Dec. 7, 1943.

*143 P. 2d 617.*

C. R. Nixon and Lewis J. Bicking, both of Tulsa, for plaintiff in error Nichols Transfer & Storage Company.

J. B. Underwood, of Tulsa, for plaintiff in error American Transfer & Storage Company.

Doerner, Rinehart & Stuart and Jack L. Langford, all of Tulsa, for defendants in error.

PER CURIAM. Plaintiffs, George E. Greninger and Mrs. George E. Greninger, filed an action against the defendants, American Transfer & Storage Company and the Nichols Transfer & Storage Company, jointly, alleging that on the 27th day of June, 1936, the defendants stored certain rugs and furniture for which they were paid $41 and other storage fees; that they agreed to mothproof said rugs and furniture, but as a result of failure to mothproof as agreed plaintiffs lost said furniture and rugs, to their damage in the amount of $1,468.70. Amendment was filed but no substantial change necessary to note resulted from such amendment. Issues were joined, and after a trial to the jury judgment was rendered for $690, which represented $680 for the damage to the rugs and furniture and $10 expended for demothing which was done on a divan and chair after the property was delivered to the plaintiffs by the Nichols Transfer & Storage Company.

Defendants appeal and in a joint petition in error seek reversal of the judgment. The evidence discloses without serious dispute of facts that the plaintiff Mrs. George E. Greninger was living in Tulsa with her husband, now deceased; that they called the American Transfer & Storage Company, which company packed and crated their rugs and furniture and stored them with the Nichols Transfer & Storage Company since the American Transfer & Storage Company had no facilities for storing said property; that the Nichols Transfer & Storage Company removed them to Wichita Falls, Tex., and at the time of delivery the employees of the Nichols Transfer & Storage Company noted on the delivery sheet that the rugs and carpets were badly motheaten; that the divan and chair were damaged by moths. The contested question of fact is as to whether or not there was an oral agreement with sufficient consideration for the mothproofing of the rugs, carpets, and furniture by the American Transfer & Storage Company.

After a careful examination of the record we are convinced that there is sufficient evidence to support the finding of the jury and the judgment of the court based thereon to the effect that the American Transfer & Storage Company, for a good and valuable consideration, entered into an oral agreement to mothproof the furnishings, and that as a result of such failure the furnishings were damaged. This disposes of the first specification of error of the defendants, that the evidence does not support the verdict.

Defendants next complain of the instructions, and particularly instruction No. 4, and assert that the court submitted the question of negligence and no negligence was proven. We hold that instruction No. 4, taken with all the other instructions, reasonably presents the issue, which was damage to the rugs, carpets, and furniture as a result of the failure of defendant American Transfer & Storage Company to mothproof as agreed. The defendants were insisting that the market value of the property destroyed or the repair value if repaired be used to determine the value, but neither defendant asked for an instruction on what is claimed to be the proper measure of damages. The measure of damages for the damage or destruction of household property is not the market value, but is the value to the owner based upon the actual money loss sustained by such damage or destruction, excluding any sentimental value. Joe Hodges Transfer & Storage Co. v. Keeffe, 189 Okla. 142, 115 P. 2d 251.

When instructions have been given which cover the fundamental issues in the trial of a cause, it is the duty of a party to request an instruction on what is considered the correct measure of damages or the right to urge error in the instruction on the measure of damages is waived. City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1.

Finally, it is argued that there is no competent evidence tending to support the judgment as to the amount. The testimony as to the damages is not in all respects definite, but we are of the opinion and hold that according to the testimony of the witnesses, which when reasonably construed gives the damages to the furnishings including the oriental rugs, the carpets and the divan and chair, the jury would have been justified in finding damages up to and including the sum of $977.66. The jury found the damages to the property in the sum of $680. We see no need to disturb this finding. Much of the argument in the brief of defendants is addressed to the credibility of witnesses and the weight of the evidence. These matters are questions of fact for the jury. Buchanan v. Heeney, 167 Okla. 450, 30 P. 2d 165.

In a separate brief the Nichols Transfer & Storage Company urge that there is no competent evidence to sustain the finding of the jury that it is in any way connected with the agreement of the American Transfer & Storage Company to demoth the furnishings. The plaintiffs in error filed a joint petition in error. This assignment is not good as to the defendant American Transfer & Storage Company. It cannot be considered as to the defendant Nichols Transfer & Storage Company. Haley v. Wyte, 169 Okla. 406, 38 P. 2d 910; Temple v. Dugger, 164 Okla. 84, 21 P. 2d 482.

Finding no error, the judgment of the trial court is affirmed.

OSBORN, BAYLESS, GIBSON, HURST and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY and DAVISON, JJ., absent.