MUZNY v. HOLLAND.

No. 31325. Feb. 8, 1944.

Rehearing Denied Feb. 29, 1944.

Application for Leave to File Second Petition for Rehearing Denied March 14, 1944.

*146 P. 2d 292.*

W. M. Morrison, of Prague, for plaintiff in error.

George W. Oliphant and Sandlin & Balch, all of Holdenville, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Lincoln county wherein the plaintiff, Dick Holland, brought suit against Albert Muzny on account for $306 for services render-

ed. The cause was submitted to a jury and a verdict returned in favor of plaintiff for $125 and judgment rendered accordingly. The defendant has appealed. The parties will be referred to as they appeared in the trial court.

The cause was tried upon the second cause of action set up in plaintiff's original petition, wherein the plaintiff filed an itemized statement of his account against the defendant for labor performed. The defendant admits in his answer that he hired the plaintiff to work three and one-half days and that the plaintiff was to receive the sum of $4 per day, and that he paid the plaintiff $14 for the services rendered, and asserts that the defendant never engaged the plaintiff to perform any other services.

For reversal of the judgment the defendant seems to rely exclusively upon the fact that the plaintiff's suit was brought against the defendant when same should have been brought against the defendant and Mrs. Holland, the wife of plaintiff, as a partnership. This contention is based upon the following facts shown by the testimony. The plaintiff purchased a machine used in well digging and drilling and known as a "spudder." The plaintiff was unable to make the payments on same. The machine was stored and plaintiff went to Illinois to work. While in Illinois the plaintiff executed a bill of sale conveying the machine to his wife, who conveyed a one-half interest in same to the defendant.

The record shows that the machine was used by the defendant in drilling oil wells, and that the plaintiff returned from Illinois and was employed by the defendant to assist in drilling and doing other work.

While it was admitted that the defendant and Mrs. Holland each owned a half interest in the machine, there is nothing in the record to show the existence of a partnership, or that the defendant and Mrs. Holland were in the oil drilling business, or any other business, as a partnership. Mrs. Holland did not give the court and jury the advantage of her testimony, which might have further explained the partnership contention. Nowhere in the defendant's answer did he raise the question of partnership account or defect of parties defendant. The defendant did not ask for permission to amend his answer to conform to whatever evidence, if any, had been produced relative to partnership, and asked for no instruction relative to same. The question of partnership was not an issue before the trial court.

In United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834, this court held:

"The question of defect of parties defendant must be raised in the court below, and if no objection be taken by either demurrer or answer, the defendant will, as a general rule, be deemed to have waived the same. The question of misjoinder of parties defendant, not having been raised in the trial court, cannot be raised for the first time on review in this court."

It is shown that the defendant raised the question of defect of parties in paragraph 4 of his motion for new trial:

"4. Error of the court in overruling the motion to dismiss on part of the defendant for the non-joinder of party defendants."

The record does not show any motion to dismiss filed or made by the defendant. The defendant filed a general demurrer to plaintiff's petition, but raised only the question of improperly joining causes of action.

In Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 P. 271, this court held:

"A general demurrer does not raise the question of defect of parties. Same must be taken advantage of by special demurrer or answer, and, as a general rule, when not so done, cannot be raised on appeal.

"A party desiring to take advantage of a defect of or misjoinder or an excess of parties plaintiff, must promptly interpose an objection in the manner provided by law, and, failing to do so,

he will not be permitted to speculate upon a favorable verdict and when afterwards he is disappointed by an adverse finding of the jury, be allowed to raise such question, either in a motion for a new trial or in the appellate court."

It was the contention of the plaintiff, as shown in the petition and testimony, that the defendant employed him and owed him individually, and that he was looking to the defendant alone for pay for services performed. While there was some conflict in the testimony as to the employment and extent of services rendered, this presented a question of fact to be determined by the jury. We think the verdict of the jury was fully sustained by the testimony presented.

The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.