STALLINGS v. McINTIRE.

No. 32369. Jan. 21, 1947.

Rehearing Denied March 25, 1947.

Second Rehearing Denied May 6, 1947.

*179 P. 2d 907.*

Thomas D. Lyons and F. E. Riddle, both of Tulsa, for plaintiff in error.

J. A. Denny and W. P. Nelson, both of Tulsa, for defendant in error.

PER CURIAM. This is an action brought by H. C. McIntire against T. W. Stallings to recover damages for breach of contract.

Plaintiff in his petition, in substance, alleges that a written contract was entered into between the parties whereby defendant employed plaintiff to clean out a certain oil well located on premises belonging to defendant. The agreement provided that plaintiff was to furnish the rig and tools and all the labor necessary to accomplish such purpose, and that defendant agreed to pay the expenses of moving the rig and tools from their place of location to defendant's premises where the wells were located; that defendant under the terms of the contract agreed to pay plaintiff for his services and for the use of his rig and tools the sum of $50 per day; that payment was to start from the time plaintiff commenced to dismantle the rig preparatory to its removal and payment to continue until the work was completed; that the contract further provided after the work was completed defendant should pay all expenses necessary to remove the rig to its former location; that plaintiff immediately after the execution of the contract proceeded to dismantle the rig and had it removed to defendant's premises where the oil well was located and there erected the same and was ready to proceed to clean the well when he was prevented from doing so by the acts and conduct of defendant; that he had performed 6½ days labor prior to the time work was discontinued by defendant; that defendant paid him $300 for the work performed and still owed him a balance of $25 for such work. Plaintiff further alleges that defendant breached the contract by refusing him permission to continue the work and perform the contract and that by reason thereof he was damaged in the sum of $775. It is further alleged that by reason of the breach of contract by defendant plaintiff's tools remained idle for a period of 20 days; that the rental value of the tools at that time was the sum of $25 per day, or the total sum of $500; that the cost of removing the rig and tools to their former location would amount to $250; that there was still due him a balance of $25 for work already performed, and prayed judgment for damages in the sum of $775.

Defendant in his answer denied all liability and pleaded that the contract was unilateral; that it lacked mutuality and was therefore nonenforceable; that he was induced to enter into the contract by reason of false and fraudulent representations made by plaintiff, and by way of cross-petition sought to recover from plaintiff the sum of $300, the

amount paid plaintiff under the contract.

The trial was to the court, resulting in a verdict and judgment in favor of plaintiff. Defendant appeals and for reversal relies on the following assignments:

(1) There is a fatal variance between the allegations of plaintiff's petition and the proof;

(2) The contract is unilateral, lacking in mutuality, and plaintiff could not therefore maintain an action for its breach;

(3) Error in giving certain instructions to the jury and in refusing requested instructions.

Defendant in support of his assignment of "variance" asserts that plaintiff in his petition pleaded full performance of the contract and that by his evidence he sought to recover and did recover damages because of breach thereof.

The record does not support this contention. Plaintiff, after alleging the execution of the contract, further alleged that immediately thereafter he commenced work in accordance with the terms of the contract and continued work for 6½ days, when he was prevented by defendant from further operating and completing his work under the contract; that defendant breached the contract and that plaintiff suffered damage by reason thereof in the sum of $775, and specifically pleads and sets forth the items constituting such damages. The evidence offered by plaintiff conforms to these allegations. There is no variance between the allegations of the petition and the evidence.

It is further contended by defendant that the contract lacks mutuality and is therefore unenforceable. The contract in substance provides that defendant agrees to and does employ plaintiff to clean out certain oil wells; that plaintiff shall furnish the rig and tools necessary to accomplish this purpose. It further provides that for such service the defendant shall pay plaintiff the sum of $50 per day for the use of his tools and for his services, and plaintiff, under the express terms of the contract, accepts and undertakes such employment. The contract as to the time in which payments shall commence and be made by defendant provides as follows:

". . . that said payments shall begin when the second party commences to take down the machinery on the location where same is now located, and to continue for all days worked until said work has been fully completed, and first party shall have discontinued further work on said lease."

Defendant contends that the contract is lacking in mutuality for the reason there is no time stated therein in which plaintiff shall start dismantling the rig and in which he shall start to clean the wells; that the contract does not in express terms bind him to commence performance of the contract at any given time, and had he refused to abide by the contract and perform the service mentioned, defendant would have been without remedy; that he could not have compelled plaintiff to perform nor could he have recovered damages in the event plaintiff had refused so to do. We do not agree. By the terms of the contract plaintiff binds himself to perform the services therein designated. The mere fact the contract is silent as to the time in which work shall be commenced and that plaintiff does not expressly bind himself to commence work at any particular time does not render the contract void for want of mutuality. In such case it will be presumed that work shall be commenced within a reasonable time. Vanlandingham v. Newberry, 104 Okla. 98, 230 P. 726; Stewart v. Ludlow, 127 Okla. 144, 259 P. 835.

Defendant next contends that the court erred in giving instruction No. 13 to the jury. This instruction is criticized only insofar as it relates to paragraph 1 relating to the measure of damages. The court in this instruction charges the jury:

"You are instructed that in the event your verdict is for the plaintiff then the measure of his recovery will be:

"One: The rental of plaintiff's machinery and tools during the time of their enforced idleness because of defendant's breach of the contract; if any; that is, their fair and reasonable rental value on the market in this locality for the time yet fairly and reasonably necessary to complete the agreed work of cleaning out and testing the one well with a crew such as is ordinarily and reasonably employed for such purpose."

We have heretofore set out the substance of the contract. It is undisputed that plaintiff commenced performance on his part and continued work under the contract until he was prevented from further performing by defendant.

Plaintiff testified that it would have required 20 days from the date work was stopped by the defendant to have completed the work required under the contract; that his tools remained idle for such length of time; that the reasonable rental value of the tools was $25 per day.

Defendant asserts that the rental value of the tools did not constitute proper measure of damages under the contract and evidence in the case.

Plaintiff in support of such measure of damages cites and relies on the case of Terrell Co. v. Davis, 77 Okla. 302, 188 P. 676. We there said:

"Where the breach of a drilling contract resulted in the enforced idleness of a string of tools of the plaintiffs for a period of time, the rental value of the tools for such period affords a proper element of damages, compensatory in their nature, and the amount to be recovered is a question for the jury under the instructions of the court."

While the facts in that case are not identical with the facts in the instant case, still we think it lends some support to the theory and contention of plaintiff. Defendant contracted for the use of plaintiff's tools as well as for his services. If, therefore, by reason of

breach of the contract on the part of defendant, plaintiff's tools remained idle, we can see no reason why he should not be allowed to recover damages resulting therefrom. Our statute, 23 O.S. 1941 §21, relative to the measure of damages for breach of contract provides:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

Defendant, however, says that assuming the contract was breached by him, plaintiff's measure of damages would be the profit he would have made had he been permitted to fully perform. It is asserted that the contract expressly provides the compensation which plaintiff should receive for the work performed thereunder; that the difference between the amount he would have received had the contract been fully performed and the cost to plaintiff in performing the same would have constituted the proper measure of damages. Counsel, however, at no time during the progress of the trial suggested to the court that such measure of damage should be applied and adopted nor did they request the court to so instruct the jury. While it may be true that the measure of damages now suggested by counsel would have been more accurate than the measure of damages applied and adopted by the court, still, under the record herein, we cannot say that the trial court committed reversible error in submitting to the jury the measure of damages as defined in the above instruction.

In the case of St. Paul Fire & Marine Insurance Co. v. Otwell, 169 Okla. 317, 36 P. 2d 52, we said:

"Where there is competent evidence tending to show damages alleged, and

the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages."

See, also, Oklahoma Railway Co. v. Boyd, 167 Okla. 151, 28 P. 2d 537; City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1.

The jury returned a verdict in favor of plaintiff for the sum of $569. The verdict does not appear to be excessive nor does it appear that by reason of the measure of damages adopted by the court plaintiff was allowed to recover an amount in excess of what he would have gained had the contract been fully performed on both sides.

Other errors are assigned by defendant, but such of them as are discussed in the brief are discussed in connection with the assignments above considered. We have given these assignments due consideration and reach the conclusion that they are without substantial merit.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, and GIBSON, JJ., concur.

