BUNCH v. PERKINS.

No. 32681.  May 6, 1947.

*180 P. 2d 664.*

Bond & Bond, of Duncan, for plaintiff in error.

Jerome Sullivan, of Duncan, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in favor of plaintiff upon a jury verdict in the district court of Stephens county, in an action brought to recover damages alleged to have resulted from negligence on the part of defendant.

Plaintiff's petition stated four causes of action for damages resulting from a collision between plaintiff's automobile and defendant's truck: (1) damages to plaintiff's automobile of $250; (2) damages of $350 for loss of earnings resulting from injuries received; (3) medical expenses of $50; (4) damages for pain and suffering in the amount of $500. Defendant's principal ground of defense was contributory negligence.

Before daylight, on January 5, 1945, defendant was driving a truck over Highway 29, approximately nine miles west of Lawton, Okla., traveling in a westerly direction. When crossing the bridge over Beaver creek his truck ran into the side of the bridge and turned across the bridge in such a manner as to block the passage of traffic thereon.

Plaintiff, accompanied by three other persons, was driving on this highway in a westerly direction. The weather was foggy or misty. Upon seeing defendant's truck plaintiff was unable to stop, and crashed into the truck, causing the injuries and damages for which he sought recovery.

Plaintiff alleged that defendant was negligent in the operation of the truck, resulting in the truck turning crosswise of the bridge and blocking the passage; that defendant did not have proper lights on the truck before or at the time of the collision; that defendant failed to set out flares, or use all other methods possible to warn travelers of the danger; and that defendant negligently left the truck blocking the passage without someone in charge to warn travelers of the danger ahead.

The evidence concerning the collision was in conflict. Plaintiff's evidence was to the effect that he was driving at a moderate rate of speed and that the lights on his own car were in good condition; that there were no lights visible on the truck and it could not be seen until he was within a very short distance, and it was impossible to stop.

Defendant's evidence was directed toward showing that he was operating the truck in a careful manner and that the lighting system on the truck was in good condition; that the truck slid and turned on the bridge because of the ice; that he immediately got out of the truck, saw the plaintiff's car approaching and ran back to give warning, but that the plaintiff's car pulled around him and collided with the truck.

The jury returned a general verdict in favor of plaintiff for $330, and defendant has appealed from the judgment entered thereon. The various assignments of error are presented under four propositions.

It is first contended that the trial court erred in giving instruction No. 11, to wit:

"You are instructed, gentlemen, if you should find that the plaintiff is entitled to recover damages in this case on his first cause of action, his measure of damages would be the difference between the reasonable market value of the automobile immediately prior to the

accident and the reasonable market value of the automobile after the accident, in no event to exceed the sum of $250, the amount sued for."

Defendant complains of this instruction on the grounds: First, that it was equivalent to an instruction to find for plaintiff for $250; and, second, that this instruction gave the jury no discretion in arriving at the amount of damages, if any.

The record reflects that defendant objected to the giving of this instruction, and exceptions were allowed. However, defendant failed to submit an appropriate requested instruction embodying his theory on this feature of the case as applied to the evidence.

Although it is the general rule that the trial judge has the duty to correctly instruct the jury upon fundamental issues, it is also well settled that when one party deems an instruction as to the measure of damages inadequate, he must call the court's attention thereto, and must then submit a requested instruction upon such phase of the case. Oklahoma Ry Co. v. Boyd, 167 Okla. 151, 28 P. 2d 537; City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1; Hartford Accident & Indemnity Co. v. Chaney, 191 Okla. 523, 131 P. 2d 102.

And in St. Paul Fire & Marine Ins. Co. v. Otwell, 169 Okla. 317, 36 P. 2d 52, the rule was applied, where there was competent evidence tending to show damages as alleged, even though the trial court's instruction admittedly did not correctly define the measure of damages.

Defendant further alleges reversible error on the ground the verdict of the jury is contrary to the evidence and in disregard of the court's instructions. To substantiate this argument defendant urges that there was no evidence of negligence on the part of defendant which proximately resulted in injury to plaintiff. Plaintiff alleged negligence in defendant's operation of his vehicle prior to the time of the collision, in that in some manner defendant's vehicle went out of control, struck the side of the bridge and turned across it, thus blocking the passage; in defendant's failure to have proper lights on his vehicle; and in failing to use every possible means to warn travelers of the danger. Defendant made general denial of all allegations of negligence, and charged plaintiff with contributory negligence.

The trial court instructed the jury both upon negligence and defendant's theory of contributory negligence. The jury heard the testimony and resolved the issues in favor of plaintiff. Questions of negligence and of contributory negligence are questions of fact for the jury, and the court's judgment thereon will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same. Muzney v. Holland, 193 Okla. 695, 146 P. 2d 292.

The defendant further contends that the judgment must be reversed for the reason that from the form of the verdict it is impossible to determine upon which cause of action the jury assessed damages.

Plaintiff's petition alleged four separate causes of action, enumerated heretofore. Evidence was introduced in support of each cause of action. The jury thereafter returned a verdict in general form, finding for plaintiff and assessing his damages at $330. The defendant did not complain of the form of the verdict when same was rendered, or before the jury was discharged from consideration of the case.

The general rule is that where separate causes of action are submitted together, a general verdict should not be returned, but separate findings should be returned on each cause of action. Davon Oil Co. v. State, 186 Okla. 380, 98 P. 2d 618; St. Louis & S. F. Ry. Co. v. Farmers Union Gin Co., 34 Okla. 270, 125 P. 894. However, it is equally as well recognized that where there is a general verdict based upon several

causes of action and the defendant fails to object thereto at the time the verdict is returned and before the jury is discharged, such failure constitutes a waiver of objections to the form of the verdict. Stakis v. Dimitroff, 154 Okla. 9, 6 P. 2d 1053; Mainard v. Fowler, 171 Okla. 582, 42 P. 2d 878, State Finance Service v. Mullins, 193 Okla. 688, 147 P. 2d 159.

Supersedeas bond having been filed herein, judgment is rendered accordingly in favor of plaintiff thereon.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur.

