REINHART & DONOVAN CO.
v. DUNLAP.

No. 33001. March 2, 1948.

Rehearing Denied Sept. 28, 1948.

*197 P. 2d 958.*

William E. Amend and Gilliland, Ogden, Withington, Shirk & Vaught, all of Oklahoma City, for plaintiff in error.

Hayes & Powers, DeWayne Hays, and LeRoy Powers, all of Oklahoma City, for defendant in error.

CORN, J.  Plaintiff brought this action against defendant, Reinhart & Donovan Company, a corporation, operating the Auto Hotel in Oklahoma City, Oklahoma, to recover damages for the reasonable cost necessary to repair his 1942 model Oldsmobile automobile, alleged to have resulted from defendant's negligence; and for a further amount for loss of use while defendant was repairing same.

Plaintiff alleged that while the car was stored in the Auto Hotel on January 12, 1946, defendant, acting by and through its agents and employees, negligently permitted the vehicle to fall into an open elevator shaft, causing the damages; that defendant attempted to repair the car, but that such repairs were faulty, and the amount of $1,020 would be required to place the automobile in as good condition as it was before the injury, and that his business required renting an automobile at $6 per day for 21 days during which the defendant retained the car for repair, and asked judgment for $126 for the loss of use of the automobile.

Defendant admitted accepting the vehicle for storage and that the damage occurred while in its possession, but denied negligence or that defendant was primarily liable therefor.  Defendant also defended upon the ground that it had employed skilled workmen, and had done everything necessary to completely repair the automobile, and had returned same to plaintiff in as good or better condition than when delivered for storage.

All the evidence went solely to the question of extent of damage, and whether the car had been repaired and returned to plaintiff in as good condition as it was before the accident.

Plaintiff's principal witness was the service manager of a local company selling Oldsmobile cars, who was familiar with and had serviced plaintiff's car at various times prior to the accident and knew its condition.  This witness inspected the car after it was wrecked and repaired, and made a written estimate of $768.61 to be the amount necessary to put the car back into as good condition as it was before the accident.

The witness testified in detail concerning the repair and replacements necessary, and also testified that, in his opinion, the work done on the car by defendant (particularly the metal work) was not a good job, and that the car was unsafe to drive in the condition which defendant returned it to plaintiff.

A used car dealer, familiar with the car prior to the accident, testified the car had been well cared for and was

worth the then existing ceiling or warranty price; that, at the time of trial, it was in bad condition; the upholstering was dirty and showed no signs of having been repaired; the metal of the car where it had been worked on was rough and uneven; the paint had cracked off and the hood and doors did not fit properly, and that the repairs mentioned in the estimate definitely would be required to put the car back into as good condition as it was before the accident.

The plaintiff testified his car was in very good condition prior to the accident and had never before been wrecked; that immediately after the accident he saw the car and defendant was going to move it to another place and work on it. He further testified that when the car was returned to him it did not drive well, rattled, rode rough, had wheel shimmy and wore the tires unevenly; that the radio aerial, cigarette lighter and spare tire fixture were missing, and the rug in the rear of the car was ruined; the hood did not fit properly and water leaked in around the windows; some of the body repair work was rough and the paint had peeled and cracked.

Demurrer to plaintiff's evidence was overruled and defendant thereafter introduced numerous witnesses, whose testimony was directed toward establishing that the repair and reconditioning of plaintiff's car was done in a proper and workmanlike manner; that defendant had spent a total of $1,066.23 in effecting such repairs, and the car was returned to plaintiff in even better condition than it was at the time of the accident.

At the close of the evidence, by agreement of the parties, the jury was permitted to view the automobile. Thereafter, under instructions from the trial court, the jury returned a verdict for $810 damages, and $126 for loss of use of the car.

The assignments of error are presented under two propositions: The jury's verdict was contrary to and not supported by the evidence, and was contrary to law and in disregard of the trial court's instructions.

Defendant points out that the jury was instructed that if they found for plaintiff they should return a verdict for such amount as reasonably necessary to restore the automobile to the condition in which received by defendant. Relying upon the rule announced in the early case of Myers v. Fear, 21 Okla. 498, 96 P. 642, to the effect that where a jury is properly instructed, and returns a verdict contrary to such instructions, the verdict should be set aside. The defendant contends that inasmuch as the maximum amount of damage established by plaintiff's witness was at most $788.61, the verdict for $810 was rendered in disregard of the court's instructions and contrary to the evidence, and thus should be set aside. The above-cited case is not applicable to the facts in this case.

The argument that the evidence was insufficient to support the verdict is based upon the proposition that there was no evidence, at least as to six items set up in the estimate as damages resulting from the accident, although the jury allowed recovery therefor.

From an examination of the evidence we think it was sufficient to justify the jury's finding that the various items of damage set up in the estimate, and about which defendant complains, resulted from the accident, and that defendant had failed to replace or repair same.

Upon the basis of plaintiff's evidence damages to the extent of $766.81 were sufficiently established to support a verdict in this amount. Further testimony for plaintiff was to the effect that as to one item considered in the estimate, labor costs had advanced, at the time of trial, by about $20. However, the witness later testified he would not definitely testify to this amount unless he had opportunity to

examine his schedule of charges. In view of this testimony it cannot be said the additional $20 for labor was sufficiently established to support a finding for this item.

The witness further testified that labor and material costs had advanced, after the estimate was made, to the extent that he would not attempt the repair work on a contract basis at the price specified in the estimate. However, nowhere in the record is there any evidence apprising the jury as to the extent of the increase in such charges, such as would support the jury's finding for any amount in excess of the $766.81 originally established.

In such cases the rule is that where the jury's verdict is in excess of the amount to which plaintiff is entitled under the evidence, this court may direct a reversal of the judgment, or allow plaintiff an option to remit the excess, and allow such judgment to stand as modified. State Farm Life Ins. Co. v. Barbe, 187 Okla. 22, 100 P. 2d 866.

Defendant's second proposition is based upon the alleged error in the giving of instruction No. 7. Defendant complains of this instruction because, after advising the jury as to the measure of damages to be applied with respect to repair of the car, the trial court further stated:

" . . . and for such further sum as you find from the evidence it was necessary for plaintiff to expend because of the loss of use of said automobile, not to exceed the sum of $126.00, the amount sued for herein for loss of use of plaintiff's automobile."

The testimony showed plaintiff had paid $6 per day for the use of a car during the 21 days defendant retained his car in its possession. It is defendant's position that plaintiff did not plead or prove reasonable value of the loss of use of the car, and that under the instruction complained of the jury was advised that plaintiff was entitled to recover any amount expended in renting a car, when there was no evidence that such expenditure constituted the reasonable loss of use of the car.

The pleadings and uncontradicted testimony showed that plaintiff lost the use of his car for 21 days, and a resultant expense, necessarily incurred, in renting another car for use in his business during such period. No evidence was introduced tending to show such expenditure was not reasonable. The jury must apply the court's instructions in light of the evidence, although under the instruction given the jury could have returned a verdict for a lesser amount as to this item.

While this portion of the instruction might be subject to some criticism, it is impossible to say that the jury was misled by the giving thereof. Defendant objected to the instruction as given, but failed to request an additional instruction advising the jury as to what defendant deemed the proper and correct measure of damages to be applied.

The rule is that where there is competent evidence to establish the damages alleged, and the verdict is not excessive, and the complaining party fails to request an instruction properly stating the measure of damages, the cause will not be reversed because the instructions given failed to accurately define the measure of damages to be applied. St. Paul Fire & Marine Ins. Co. v. Otwell, 169 Okla. 317, 36 P. 2d 52; City of Holdenville v. Kiser, 179 Okla. 216, 64 P. 2d 1223; Bunch v. Perkins, 198 Okla. 517, 180 P. 2d 664.

The judgment is affirmed on condition that plaintiff file a remittitur in the amount of $41.39 within 15 days from receipt of the mandate herein by the trial court, otherwise the judgment will stand reversed and remanded for a new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur. ARNOLD, J., concurs in conclusion.