CARPENTERS' LOCAL 1686 et al.
v. WALLIS et al.

No. 34430.   Nov. 6, 1951.

*237 P. 2d 905.*

Brown Moore and Preston Moore, Stillwater, for plaintiffs in error.

Max E. Sater, Stillwater, for defendants in error.

PER CURIAM.   This is an appeal from a judgment of the district court of Payne county, Oklahoma, in which E. D. Wallis and Ada A. Wallis, plaintiffs, as tenants sought to recover damages for alleged wrongful interference by defendants with their tenancy by the remodeling of a certain business building in Stillwater, Oklahoma, which belonged to the defendants. The parties will be referred to as they appeared in the trial court.

The plaintiffs assert that they had operated a watch repair shop upon said premises for a number of years, and after the defendants became the owners of said building continued to so occupy said premises as tenants of the defendants.

There is sharp controversy in the testimony as to whether the plaintiffs agreed to the structural changes made in such remodeling before the same were commenced and as to whether there was further agreement at any time as to retention of such premises by plaintiffs after the same were remodeled, and, if so, at what rental.

These issues were submitted to the jury, and the jury's conclusions thereon are not to be justifiably disturbed.

The plaintiffs claimed $2,500 for damages for interference with their business, and for $150 further loss incident to expense of storing equipment, and prayed for judgment for the sum of $2,500 exemplary damages.

The damage question centered around alleged loss of profits in the operation of what the plaintiffs claimed was a hampered use of said premises.

The jury returned a verdict for the plaintiffs in the sum of $300.

The defendants say the evidence is wholly insufficient to sustain the verdict of the jury for such damages which are said to be speculative, remote and uncertain; secondly, that the defendants were not given a fair and impartial trial; and thirdly, that the court did not instruct the jury as to a proper method to be used in arriving at the measure of damages; and lastly, that the defendants were not given a fair trial by the trial judge.

The plaintiffs say that if there is any competent evidence reasonably tending to sustain the verdict, it will not be disturbed, and that there is ample evidence in the record to sustain the verdict.

It must first be determined whether the trial court gave an instruction correctly stating the measure of damages to be applied in the case.

The court instructed the jury that a tenant of leased premises has the right to a quiet and peaceable enjoyment of the use of the premises, and if the landlord in remodeling the part of the building occupied by the tenant, without his consent, interferes with the tenant in the reasonable use of the premises, then the landlord would be liable for such damages as the tenant may have suffered by reason of the remodeling operations as the jury may find from the evidence were proximately caused by such operations. The instruction further said that if tenant was found to be entitled to recover the measure of damages would be such a sum as the jury found that plaintiffs suffered in loss of profits and business as was shown by the evidence to be proximately caused by the remodeling operations not to exceed the amount sued for.

On the issue raised by defendants' general denial the jury was told that if the remodeling was done at the tenants' request or agreement the landlord would not be liable for any inconvenience or loss of business or profits sustained by him. Defendants complain of the instruction on the loss of profits and business, and say it is not the true rule of the measure of damages that should be applied here.

As a general rule, anticipated profits of a business are too remote and speculative to warrant a judgment for their loss. But the exception to the rule is that the loss of profits from a tortious interruption of an established business may be recovered where it is made reasonably certain, by competent proof, what the amount of the loss actually is; such damages must be established, not by conjecture, but by tangible facts from which actual damages may be logically and legally shown and inferred. City of Collinsville v. Brickey, 115 Okla. 264, 242 P. 249; Firestone Tire & Rubber Co. v. Sheets, 178 Okla. 191, 62 P. 2d 91.

The instruction given was proper under plaintiffs' theory and proof. If it was not technically accurate it was the duty of defendants to offer a requested instruction in such form as they thought proper. None was offered, and under our decision in St. Paul Fire & Marine Insurance Co. v. Otwell, 169 Okla. 317, 36 P. 2d 52, the cause will not be reversed because the court's charge does not accurately define the measure of damages.

It is obvious that there is some competent evidence tending to show damages alleged, and the verdict is not excessive and the complaining party did not request the trial court to give an instruction correctly stating the measure of damages.

We hold that instructions were given covering the fundamental issues involved which put the burden upon the parties to request an instruction on what they considered to be the correct rule as to the measure of damages, or the right to urge error on the instruction given is waived by the failure to request the giving of the true rule upon the measure of damages. American Transfer & Storage Co. v. Greninger, Adm'x, 193 Okla. 338, 143 P. 2d 617.

Upon the contention that the defendants did not have a fair trial as the result of the trial court's manner of asking a question of E. D. Wallis, one of the important witnesses, the manner of the trial court's approach in the complained of instance was not in the most approved form, but it cannot be said to have violated a substantial right of the defendants, or to have resulted in a miscarriage of justice. See Empire Oil & Refining Co. v. Fields, 188 Okla. 666, 112 P. 2d 395.

To safeguard meticulously the fair trial of the litigants' rights is the object of judicial procedure; but as to error which is harmless the State of Oklahoma, by the adoption of its harmless error statute, 22 O.S. 1941 §1068, has relaxed the rigid rules of the ancient common law where in fact the complained of error is harmless, as we hold it to be here under the circumstances shown by the record.

If the verdict of the jury was susceptible of a charge of being unreasonable in amount or indicative of prejudice or passion, the situation might be different. It does not give evidence of being so, however.

Defendants' brief is based on the single proposition that the evidence was wholly insufficient to sustain the verdict of the jury. The testimony was in conflict. There was evidence to support plaintiffs' contentions. This court has consistently held that if there is any testimony reasonably tending to support the verdict of a jury and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal. Britt v. Doty, Adm'x, 195 Okla. 620, 161 P. 2d 521.

Judgment affirmed.

This Court acknowledges the services of Attorneys Harry O. Glasser, H. H. McKeever, and Dan Mitchell, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.