ST. LOUIS–SAN FRANCISCO RY. CO. et al.

v.

FARRELL.

No. 35174.

Supreme Court of Oklahoma.

Nov. 3, 1953.

E. G. Nahler, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiffs in error.

Lawrence Jones, Bristow, Carl Bagwell, Tulsa, Joe Young, Chandler, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

Plaintiff, Bryan Farwell, sued defendants, St. Louis-San Francisco Railway Co., and Pearl Cheek, executrix of the will of J. W. Cheek, deceased, for damages allegedly incurred as a result of being hit by a train of defendant corporation. J. W. Cheek was the engineer of the train and has since died of causes not connected with the accident in question. The accident occurred when plaintiff, a pedestrian, started to cross the railroad tracks at a point where they intersect a busy street in Tulsa, Oklahoma.

Plaintiff alleged that he stood at the crossing while a passenger train passed; that after it passed, he proceeded on across the track and in so doing, was struck by a railroad engine following closely behind the passenger train. He alleged negligence by defendants in allowing the engine to follow the passenger train too closely; in failure of the engineer to blow a whistle or ring a bell as required by law; in failing to warn; in driving the engine at a speed of more than 30 miles per hour when the ordinances of the city of Tulsa prescribed a limit of 25 miles per hour; and in failing to maintain a proper lookout. He asked for damages for medical and hospital bills in the amount of $2,500 and for pain and suffering and loss of earning capacity in the amount of $75,000.

Defendants' answer was a general denial with the affirmative defenses of contributory negligence and unavoidable accident. The jury returned a verdict for plaintiff in the amount of $21,444.

Defendants, on appeal, argue the allegations of error under 6 propositions; two of them are not argued at length and no authority is cited in support thereof; we will therefore not consider them here, but will discuss only the remaining four.

The first proposition is that the court erred in overruling defendants' demurrer to the evidence and motion for a directed verdict. It is axiomatic that in the consideration of both such demurrer and motion, the evidence will be construed in the light most favorable to plaintiff. Considered in that light, the evidence shows that the engine was travelling at 30 or 35 miles per hour; that it was only 40 to 80 feet behind the passenger train going in the same direction on the same track; that the engineer did not ring the bell or sound the whistle on his engine before the accident; that after the passenger train passed, plaintiff walked only a few feet before being struck by the engine. Under such a set of facts, the question of whether or not defendants were negligent was one for the jury, pursuant to the following rule:

"Where there is competent evidence on the question of negligence introduced from which reasonable men might draw different conclusions, it is one for the jury, and under like circumstances the question of proximate cause is one for the jury". Casualty Reciprocal Exchange v. Sutfin, 196 Okl. 567, 166 P.2d 434, 437.

It is not denied that plaintiff was injured. We believe that "reasonable men might draw different conclusions" as to whether defendant was negligent under the facts as outlined, and that both the demurrer and motion for directed verdict were properly overruled.

Defendant next argues that the court erred in giving instruction number 17, for the reason that it could be construed as authorizing a recovery by plaintiff on a finding of negligence by defendants without an additional finding that such negligence was the proximate cause of the injury. In support of this argument, defendants quote parts of two different sentences of instruction 17, which, taken alone and out of context, say nothing about proximate cause. However, in one of the same sentences from which a quotation was taken, we find the following:

"If you find * * * that the plaintiff * * * received the injuries * * * and that such injuries were the direct and proximate result of the act or acts of negligence of the defendants * * *"

Also, the record shows that in instruction number 2 the court gave the jury a definition of proximate cause; and

in instruction number 6, the jury was plainly instructed the burden was on the plaintiff to prove that " * * * such negligence was the direct and proximate cause of the accident * * *". It is too well settled to require citation of authority that instructions to the jury will be considered as a whole and that no one instruction or part thereof will be considered apart from the rest. The argument is without merit.

Defendants' next contention is that the court erred in refusing to give defendants' requested instruction number 3, which concerned the duty of a pedestrian about to cross a railroad track. In support of this contention, defendants cite Wilson v. St. Louis-S. F. R. Co., 141 Okl. 108, 283 P. 999, 1001; Hines v. Dean, 96 Okl. 107, 220 P. 860; and St. Louis-San Francisco Railway Co. v. Tyler, 107 Okl. 240, 232 P. 414. An examination of those cases reveals that none of them contains the specific instruction offered by defendants; on the other hand, in both the Hines and Tyler cases, the court specifically approved an instruction almost identical with the court's instruction number 14 in the case at hand. Defendants do not complain of the court's definition of plaintiff's duty, but contend that the phrase "and failure to so look and listen constitutes negligence on the part of such person", should have been added. The record shows, however, that the court's instruction number 3 contains a general definition of negligence; instruction 14, above referred to, contains a more specific definition of plaintiff's duty under the circumstances herein outlined; and instruction 9 contained the phrase "if the evidence also shows that the plaintiff was negligent, and that such negligence *caused or contributed* to his injury, your verdict should be for the defendant". (Emphasis supplied.) No objection was made to any of these instructions. We therefore hold that, considered as a whole, the instructions fairly stated the applicable law, and defendants' argument in this connection is without merit.

The last proposition is that the damages awarded were excessive and appear to have been given under the influence of passion and prejudice; and error of the court in failing to instruct the jury on the measure of damages, which error resulted in an excessive verdict.

The verdict in this case was for $21,444; the amount sued for was $77,500. The record shows that plaintiff was earning about $75 per week before the accident; that he was entirely unable to work for 14 months after the accident; that he had a work life expectancy of 24 years; that his medical expenses were almost $1500; that the most he had been able to earn since the accident was about $30 per week. Defendants have cited no case where under similar circumstances a like verdict has been held excessive. Under the evidence herein we believe a much higher verdict might have been returned; we therefore hold that the verdict was not excessive.

Defendants' argument under the second part of this proposition is based on the assumption that the court gave no instruction at all on the measure of damages. Such is not the case. In the general instruction, the court set out the elements of damage alleged in plaintiff's petition (permanent loss of earning capacity, pain and suffering, and medical and hospital expenses). In other appropriate instructions, the court told the jury that plaintiff must prove all the material ingredients of his case by a preponderance of the evidence; that one who suffers detriment from the unlawful act or omission of another may recover "a *compensation* therefor in money, which is called damages" (emphasis supplied); and that the amount of the recovery should not exceed the amount sued for. While it admittedly would have been the better practice to state the measure of damages concisely in one instruction, we believe that the instructions as a whole properly stated the applicable law, particularly in view of the fact that the verdict herein was not excessive and the jury does not appear to have been misled.

It is to be noted that defendants in the court below did not submit a requested instruction stating the measure of damages. However, we have considered this proposition in the light of 12 O.S.1951 § 577, subd. 5, which requires the trial court, on

his own motion, to instruct the jury generally on the applicable law. In City of Altus v. Martin, 185 Okl. 446, 94 P.2d 1, it was held that pursuant to this section of the statute, the trial court should, on his own motion, instruct the jury on the measure of damages when such is a fundamental issue in the case. This we believe was done in the case at hand.

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.