A. B. C. CONSTRUCTION COMPANY OF OKLAHOMA, Plaintiff in Error,

v.

Harold THOMAS and Pauline E. Thomas, Defendants in Error.

No. 38417.

Supreme Court of Oklahoma.

Nov. 17, 1959.

Rehearing Denied Dec. 15, 1959.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Jack L. Rorschach, Harold D. Morgan, Vinita, for defendants in error.

IRWIN, Justice.

Plaintiffs commenced this action to recover damages to a building allegedly caused by dynamite blasting done by defendant. Plaintiffs alleged they owned a cement block building in Vinita, Oklahoma, and prior to the times complained of, the building was in excellent condition and was inspected, kept and maintained by skilled workmen. That defendant had contracted with the City of Vinita to construct a

sanitary sewer line for said city which line was to run in close proximity to the property of the plaintiffs. That defendant was to furnish all the material and labor and in digging the ditch in which the sewer line was to be laid, it used dynamite in blasting the rock formation below the surface. That on or about December 4, 1956, defendant set off a violent blast of dynamite of such size and concentration that it caused vibrations of the earth and concussions in the air to an extent that it permanently damaged the concrete building owned by the plaintiffs. Defendant filed a general denial.

The jury returned a verdict for plaintiff for $8,750, and after judgment was entered upon said verdict and defendant's motion for a new trial was overruled, the defendant perfected its appeal. The parties will be referred to by their trial court designation.

Defendant contends instruction No. 7, the pertinent part of which is as follows:

"You are told that the measure of damages, if any, under such circumstances, would be the difference between the fair cash value of the building just before the damage occurred, and the fair cash value of the building just after the damage occurred, but not more than the amount sued for, to-wit: $17,500.00."

is not the proper measure of damages because the evidence does not show the building was permanently damaged and not susceptible of repair which was essential before the instruction would be proper. That the trial court invaded the province of the jury by assuming the damage was of a permanent nature, when as a matter of fact it was a controverted issue, and in treating such fact as a matter of law in instructing the jury, the court was in error.

We are committed to the rule that where damages are of a permanent nature, the measure of damage is the difference between the actual value immediately before and immediately after the damage is sustained. Mid-Continent Petroleum Corporation v. Fisher, 183 Okl. 638, 84 P.2d 22; City of Stillwater v. Cundiff, 184 Okl. 375, 87 P.2d 947; Oden v. Russell, 207 Okl. 570, 251 P.2d 184. Where property can be repaired and substantially restored to its former condition, the measure of damage is the reasonable cost of repairing the damage and restoring it to its former condition. Ellison v. Walker, Okl., 281 P.2d 931. We will review the evidence to determine if the damage was of a permanent nature and not susceptible of repair or only temporary and could be restored to its former condition.

In addition to the testimony of one of the plaintiffs who testified concerning the construction of the building in question, the resulting damage and the severity of the blast, eight other witnesses testified concerning the severity of the blast and the effect it had on buildings occupied by them. Two witnesses testified as to the value of the building in question before and after the blast and both fixed the difference greatly in excess of the amount assessed by the jury. A graduate engineer testified that he was engaged in moving dirt and rock by blasting methods and was familiar with vibrations and that he dug exploratory pits between the site of the blast and the damaged building and in his opinion the rock formation extended from the blast site to the building site.

A brief résumé of plaintiffs' evidence discloses there were no cracks in the walls nor were the partitions separated from the outside walls prior to the violent blast. Following the blast there were some thirty to forty cracks in each wall of the building and cement particles and debris which came from the cracks were found on the floor of the building; the cracks were from hairline width to a width that could be seen through and extended from the top of the wall to the foundation, some of which followed the line of least resistance while others ran straight down breaking the cement blocks; that plaintiff tried to fill the larger cracks and by failure of the patching material to bond and hold the separate parts securely together, he was

unsuccessful in filling or closing them; that the inside partitions were separated from the outer walls.

Defendant produced two engineers who testified as experts that in their opinion the cracks in the walls were not and could not have been caused by the blast. Defendant also presented evidence the damage was caused by using green blocks which afterward shrunk, or from vibrations caused by trains and highway traffic, or from settling of the foundation, or from expansion and contracting caused by the elements. The defendant apparently elected to defend entirely on the theory that the blast was not the cause of the damage sustained by plaintiffs as it offered no evidence in mitigation of damages or that the damages were not permanent in nature.

In view of the testimony as to the type of construction of the building, the detailed description of the number and size of the cracks in the wall, the separation of the inside partitions from the outer walls, the failure of the patching material used by the plaintiffs to bond and hold securely the separated parts, and defendant not presenting an instruction nor requesting the court to give an instruction covering its theory, we cannot say there is a lack of competent evidence upon which the instruction complained of was predicated. Nor can we say the verdict was excessive. The extent of the damage was not controverted by the defendant nor did it contradict the plaintiffs' evidence as to the monetary damages and the verdict of the jury is supported by sufficient competent evidence.

There being competent evidence tending to show that the building was permanently damaged as a result of the·blasting by dynamite and no evidence tending to show that the building was susceptible of repair and the trial court instructing the jury that the measure of damage is the difference between the fair cash value of the building immediately before and after the damage occurred, the cause will not be reversed for the alleged reason that the trial court, though not requested to do so, failed to instruct the jury upon the theory, that the building was susceptible of repair. See Stallings v. McIntire, 198 Okl. 551, 179 P.2d 907. St. Paul Fire & Marine Ins. Co. v. Otwell, 169 Okl. 317, 36 P.2d 52; Carpenters' Local 1686 v. Wallis, 205 Okl. 285, 237 P.2d 905; Reinhart & Donovan Co. v. Dunlap, 200 Okl. 512, 197 P.2d 958; Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664; Hartford Accident & Indemnity Co. of Hartford, Conn. v. Chaney, 191 Okl. 523, 131 P.2d 102, and Oklahoma R. Co. v. Boyd, 140 Okl. 45, 282 P. 157.

Where there is any substantial evidence reasonably tending to sustain a jury's verdict and judgment based thereon, such verdict and judgment will not be reversed on appeal. Seismograph Service Corporation v. Buchanan, Okl., 316 P.2d 185.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.