McCORMICK v. ATCHISON, T. & S. F. RY. CO.

No. 10305—Opinion Filed Nov. 29, 1921.

(Syllabus.)

1. Agriculture—Johnson Grass—Statutory Provisions—Presence on Premises.

Sections 98, 99, and 100, inclusive, or Revised Laws of 1910, prohibit the introduction into this state, or the sale of any Johnson grass seed, except a person selling or giving away oats, hay, straw, seed or grain containing or intermixed with the seed or roots of Johnson grass, must disclose such fact to the purchaser, and make it unlawful for any person, firm or corporation to permit Johnson grass to mature seed upon any land, grounds, or right of way owned or controlled by such persons, but under the provisions of said statutes the presence of Johnson grass upon the premises of such parties is not made unlawful.

2. Railroads—Johnson Grass — Killing Stock—Dangerous Premises.

In an action by the plaintiff against the defendant railway company for damages alleged to have resulted because the plaintiff's cow escaped from his pasture and entered upon the right of way of the defendant railway company and ate some second-growth Johnson grass causing death, where it appears from the evidence that the only negligence complained of by the plaintiff is the presence of the Johnson grass upon the right of way of the defendant company, such evidence is insufficient to establish a cause of action in favor of the plaintiff against the defendant, and the judgment of the trial court in favor of the defendant should be affirmed.

Error from District Court, Noble County; John P. Hickam, Judge.

Action by W. H. McCormick against the Atchison, Topeka & Santa Fe Railway Company for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

Johnston & Robinson, for plaintiff in error.

Cottingham, Haves, Green & McInnis, for defendant in error.

KENNAMER, J. W. H. McCormick, as plaintiff, commenced this action in the justice court of Noble county to recover damages from the Atchison, Topeka and Santa Fe Railway Company, a corporation, defendant.

The plaintiff alleged in his bill of particulars that on or about July 23, 1914, the plaintiff was the owner of a fine milk cow, giving about six gallons of milk per day; that on said date, without fault of the plaintiff, the cow escaped from a pasture and went upon the railroad right of way of the defendant at a section line crossing; that the defendant had unlawfully, wrongfully and negligently kept and maintained a setting of Johnson grass upon its right of way, that at the time the cow entered upon the right of way of the defendant the Johnson grass was of a nice height to graze and feed upon, said grass having been recently mowed and when moist was a deadly poison to live stock, and more especially to cattle; that the cow of the plaintiff, after having entered upon the right of way of the defendant, ate some of the Johnson grass and was thereby poisoned and immediately died, to the damage of the plaintiff in the sum of $150. Judgment was rendered in the justice court for the plaintiff. Defendant appealed the cause to the district court.

On a trial in the district court before the court, a jury having by the parties been waived, the court found all of the issues of fact in favor of the plaintiff, but as a matter of law held that the defendant was not liable for the death of the cow, and entered judgment in favor of the defendant.

This appeal is prosecuted by the plaintiff to reverse the judgment of the trial court. The assignments of error present but one question for review, which is decisive of this cause—that the court erred in rendering judgment in favor of the defendant and in refusing to render judgment for the plaintiff.

Counsel for the plaintiff insist that the judgment should have been in favor of the plaintiff for the reason that the direct and proximate cause of the damage was the violation of a statutory duty of the defendant railway company; that the statutes violated by the defendant railway company are sections 98, 99, and 100 of Revised Laws of 1910 in that it was the expressed policy of our law under said statutes, supra, to exterminate Johnson grass. The statutes in question read as follows:

"98. It shall be unlawful to introduce into or to sell or offer for sale within this state any seed of Johnson grass or Russian thistle except as hereinafter provided.

"99. If any person shall sell or give away any oats, hay, straw, seed, or grain containing or intermixed with the seed or roots of Johnson grass or Russian thistle without disclosing such fact to the purchaser, or transport the same over the lands of another without the consent of the owner thereof, he shall be deemed guilty of a misdemeanor and upon conviction thereof

shall be fined not less than twenty-five dollars and not more than one hundred dollars.

"100. Any person, firm or corporation permitting Johnson grass or Russian thistle to mature seed upon any land, grounds or right of way controlled by him, or them, either as owner, agent, lessee, manager or receiver, shall be guilty of a misdemeanor and in addition thereto shall be liable in a civil action for all damages resulting from the spreading of such noxious plants to any land contiguous thereto. * * * "

An examination of these statutes fails to disclose any provision making it unlawful merely to have Johnson grass upon one's premises, but it is apparent that the primary purpose for which the statutes were enacted was to prohibit the sale of Johnson grass seed within the state or the introduction of the same, and to impose upon the owners, lessees, or persons in control of lands the duty of preventing Johnson grass from maturing seed, but nowhere does it appear that the mere presence of Johnson grass upon one's premises is made unlawful. It is a matter of common knowledge in this state that one of the most practical methods of preventing Johnson grass from going to seed is by keeping it mowed. Therefore, it is obvious that the plaintiff in this case is complaining against the defendant because it did just what the law prescribes that it should do. There is no contention made that it was by any fault of the defendant that the plaintiff's cow entered upon the right of way.

In the case of Brown v. M. K. & T. Ry. Co. (Tex. Civ. App.) 69 S. W. 178, the trial court sustained a demurrer to the petition of the plaintiff for damages for the alleged death of the plaintiff's cattle, which had entered the right of way of the defendant and ate Johnson grass, which had sprung up after it had been cut down by the defendant, which poisoned the cattle, causing their death. On appeal the court held:

"There was no allegation that appellee had planted the grass on the right of way, and there was no negligence in cutting it down, or in letting it spring up on the right of way when it had been cut down. Appellee had the right to keep its tracks clear of high grass and weeds by cutting them down, and it owed a duty to the public to do so. The appellee owed no duty to anyone to endeavor to keep it from springing up after it had been cut. So far as indicated by the pleading it was a natural growth on the soil of the right of way, and appellee cannot be held negligent because

appellant's cattle went through its defective fence and ate the grass. In the case of Railway Co. v. Oakes (Tex. Sup.) 58 S. W. 999, 52 L. R. A. 293, the Supreme Court of Texas said: 'It is conceded by all authorities that damage or inconvenience by one from a state of things naturally existing upon the land of another furnishes no ground of complaint against the latter. '

See Ft. Worth & R. G. Ry. Co. v. Brown (Tex. Civ. App.) 173 S. W. 943.

Upon a careful examination of this record, we are of the opinion that the undisputed evidence in this case wholly fails to establish any cause of action in favor of the plaintiff. The evidence does not in the least tend to show wherein the defendant violated any duty which it owed to the plaintiff.

The judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.