## STATE, Respondent, v. FRED C. CHOATE, Appellant.

[238 Pac. 538.]

BURNING OF PROPERTY NOT THE SUBJECT OF ARSON — BEAN STALKS
AFTER THRESHING NOT HAY—USAGE OF WORDS—DEFINITIONS.

1. As a general rule, where any particular article of property
is mentioned in a penal statute as the subject of an offense, only
such property as is usually designated by such term can be re-
garded as having been intended by the legislature to be embraced
within its provisions.

2. The stalks, stems and other residue left after bean plants
have been threshed and the bean kernel or seeds removed is not
hay within the meaning of sec. 8556, C. S.

APPEAL from the District Court of the Tenth Judicial
District, for Nez Perce County. Hon. Miles S. Johnson,
Judge.

Judgment of conviction of burning a stack of bean hay,
under C. S., sec. 8556. *Reversed.*

McNamee & Clements, for Appellant.

"It may be laid down as a general rule that when any
particular article of property is mentioned in a penal
statute as the subject of an offense, only such property as is
usually designated by such term can be regarded as having
been intended by the legislature to be embraced within
its provisions." (*Denbow v. State,* 18 Ohio, 11; *Rex v.
Reader,* 4 Car. & P. (Eng.) 245; *Burger v. State,* 34 Neb.
397, 51 N. W. 1027; *People v. Doyle,* 13 Cal. App. 611,
110 Pac. 458.)

The information charged defendant with burning a stack
of bean hay; the proof disclosed the burning of a rough
pile of bean straw. Straw is not mentioned under the
terms of C. S., sec. 8556.

Hay is defined to be grass cut and dried for fodder; grass prepared for preservation. (Webster's International Dictionary, 1911; 4 Words and Phrases, 1st Series, 3223; *Emmerson v. Hedrick*, 42 Ark. 263; *Baumgartner v. Sturgeon River Boom Co.*, 120 Mich. 321, 79 N. W. 566.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Respondent.

When words have no technical meaning or application, or when they have not been used or employed in a technical sense in the statute, they should be given their ordinary significance as popularly understood. (*State v. Morris*, 28 Ida. 599, 155 Pac. 296, L. R. A. 1916D, 573.)

GIVENS, J.—Appellant was, under C. S., sec. 8556, charged with and convicted of burning a stack of bean hay. The evidence shows without dispute that the substance destroyed was that left after the bean seeds had been removed by threshing from bean vines.

Many errors are assigned but one will dispose of the case, namely, whether the substance thus burned comes within the terms of the statute.

This section, apparently based upon sec. 57 of the chapter on the "Offenses Against the Person of Individuals," Idaho Sess. Laws 1863–64, page 446, is first found in its present form in section 7156 in the Revised Statutes of 1887, being copied thence into the Revised Codes and into the Compiled Statutes. The original section as found in sec. 57 in the Idaho Sess. Laws of 1863–64 was evidently adopted from sec. 5 of an act of April 19, 1856, of California Sess. Laws, p. 132. The California statute in its original form is again found in the Statutes of California, 1871–72, page 896. In this California statute in these two Session Laws the words "hay" and "straw" did not appear and there were other differences between the California statute and the Idaho statute. In 1901 the California statute was amended to read as follows:

"Every person who wilfully and maliciously burns any bridge exceeding the value of fifty dollars, or any structure, snowshed, or vessel, not the subject of arson, or any stack of hay or grain of any kind, or any growing or standing grain, grass, or tree, or any fence, or any railroad car, lumber, cordwood, railroad ties, telegraph poles, or shakes, of the value of twenty-five dollars or over, not the property of such person, is punishable by imprisonment in the state prison for not less than one nor more than ten years." (Cal. Sess. Laws 1901, p. 268.)

And later amended in 1905 to read as follows:

"Every person who wilfully and maliciously burns any bridge exceeding in value fifty dollars, or any structure, snowshed, vessel or boat, not the subject of arson, or any tent, or any stack of hay or grain or straw of any kind, or any pile of baled hay or straw, or any pile of potatoes, or beans, or vegetables, or produce, or fruit of any kind, whether sacked, boxed, crated, or not, or any growing or standing grain, grass or tree, or any fence, or any railroad-car, lumber, cord-wood, railroad ties, telegraph or telephone poles, or shakes, or any tule land or peat ground of the value of twenty-five dollars or over, not the property of such person, is punishable by imprisonment in the state prison for not less than one year, nor more than ten years."

It will thus be noticed that the legislature of California evidently considered that there was such a difference between hay and straw as to require the word "straw" to be inserted and it will be noticed that the Idaho statute does not contain the word "straw."

Hay is defined to be:

"Grass mowed or ready for mowing, especially grass cut and cured for fodder." (Webster's New International Dictionary.)

"Grass, clover, or the like, cut and dried or cured for preservation and use as fodder; grass that has been cut." (New Standard Dictionary.)

"Grass that has been cut; especially, grass cut and dried for use as fodder." (Century Dictionary.)

"Grass cut or mown and dried for use as fodder; formerly (as still sometimes) including grass fit for mowing, or preserved for mowing." (New English Dictionary by Murray.)

"(A word common in various forms to Teutonic languages; of Ger. *heu,* Dutch *hooi;* the root from which it is derived, meaning 'to cut,' is also seen in 'to hew'; cf. 'hoe.') Grass mown and dried in the sun used as fodder for cattle. It is properly applied only to the grass when cut, but is often also used of the standing crop. . . . . The term 'haymaking' signifies the process of drying and curing grass or other herbage so as to fit it for storage in stacks or sheds for future use. . . . . The principal stages in the process everywhere are: (1) mowing, (2) drying or 'making,' (3) 'carrying' and storage in stacks or sheds. . . . . In the dry districts of south-eastern England it is often possible to cut and carry the hay without any special 'making,' as the sun and wind will dry it quickly enough to fit it for stacking up without the expenditure of much labor. This rule also applies to dry countries like the United States and several of the British colonies. . . . . Forage of all kinds intended for hay should be cut at or before the flowering stage if possible. The full growth and food value of the plant are reached then, and further change consists in the formation and ripening of the seed at the expense of the leaves and stems, leaving these hard and woody and of less feeding value." (Encyclopedia Britannica.)

Straw is defined to be:

"A stalk or stem of grain, as of wheat, rye, oats, barley, or Indian corn; also, a stalk of buckwheat, beans, or peas. Collectively, stalks of grain after threshing, used as bedding for cattle, for packing or for fodder." (Webster's New International Dictionary.)

"Straw: apparently 'that which is scattered about' (if so, it must have been originally applied to the broken stalks of grain after threshing, the simple sense, 'straw' but then later, from the root of strew. The stalk or stem of certain

species of grain, pulse, etc., generally of wheat, rye, oats, barley, buckwheat and peas, cut or broken off (and usually dry); such stalks collectively, especially after drying and threshing; as a load of '*straw.*' " (The Century Dictionary.)

"Straw: (from strew as being used for strewing) is the general term applied to the stalky residue of grain-plants, (especially wheat, rye, oats, barley)." Encyclopedia Britannica.

As to beans we find the following in the Encyclopedia Britannica:

"Several varieties of the bean are cultivated in the field for the sake both of grain, which is used as food for live-stock, of the haulm, which serves for either fodder or litter. Beans are cut when the leaf is fallen and the haulm is almost black either with the fagging hook or the reaping machine, though the stoutness of the stalks causes a severe strain on the latter implement. They are tied and stooked, and are so left for a considerable time before stacking. There is less fear of injury to the crop through damp than in the case of other cereals. Their value for feeding purposes increases in the stack, where they may remain for a year or more before threshing."

It thus appears a different name is and has been applied to the stem or stalk of various plants with the seed pods or grain attached and to the stem or stalks after such seeds, kernels or grains have been detached by threshing.

Haulm or halm has been further defined as:

"The dried stalks of peas, beans, and cereals; wheat straw for thatching. A grass culm. Any plant stem." (New Standard Dictionary.)

"Stems or stalks of cultivated plants, as peas, beans, cereals, etc.; especially after the crop has been gathered; straw or litter. The culm of a grass, or the stem of any plant." (Webster's New International Dictionary.)

"The stems or stalks of various cultivated plants, as peas, beans, vetches, hops, potatoes, etc., now less commonly of corn or grass; especially, as left after gathering the

pods, ears, etc., and used for litter or thatching; straw.'' (New English Dictionary by Murray.)

''1. The stem or stalk of grain of any kind, and of peas, beans, hops, etc. 2. Straw; the dry stalks of corn, etc., in general.'' (Century Dictionary.)

From these definitions there thus appear to be two grounds of difference between hay and straw; one based on whether it is to be fed and the other based on whether or not the substance has been threshed. Just what the distinction between straw and haulm is it unnecessary for us to decide, but it is evident that a clear distinction has been recognized to exist between hay and the residue after the removal of the bean kernel or grain by threshing from such plants as oats, wheat, beans and peas.

As a general rule where any particular article of property is mentioned in a penal statute as the subject of an offense, only such property as is usually designated by such term can be regarded as having been intended by the legislature to be embraced within its provisions. (*People v. Doyle,* 13 Cal. App. 611, 110 Pac. 458.)

The determination of what the substance burned consisted of and what its condition was at the time it was burned was a question of fact for the jury. The question of whether the substance burned came within the statute was a question of law for the court. If it were left for the jury to say whether or not this substance was hay we might have the anomalous situation of a jury in one county or in one case concluding that it was hay and in another that it was not. The statute must have a certain and definite meaning capable of being intelligently applied by the jury to the given facts in any particular case.

In view of the history of the California statute and its amendments and the definitions given above we are convinced that the legislature did not intend to include in the term ''hay'' in the statute the substance with the burning of which appellant was charged. Since the complaint did not therefore state a cause of action, it follows

that the case must be reversed, with instructions to dischargє the appellant, and it is so ordered.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.

Budge, J., did not sit.