CITY OF OKMULGEE v. WALL.

No. 31050. Nov. 9, 1943.

Rehearing Denied Dec. 7, 1943.

*144 P. 2d 103.*

W. C. Alley, of Okmulgee, for plaintiff in error.

E. F. Maley, of Okmulgee, for defendant in error.

334

PER CURIAM. This appeal is from a judgment in the sum of $500 in favor of W. R. Wall, hereinafter referred to as plaintiff, against the city of Okmulgee, hereinafter referred to as defendant. Plaintiff in his amended petition alleged, in substance, he was the owner of an 80-acre tract of land which was traversed by a 36-inch concrete pipe and which was used by the defendant to convey water from a reservoir to the pumping station. Plaintiff further alleged that in 1939 and 1940 said line developed leaks which discharged vast quantities of water upon his land causing ditches thereon and causing him to lose certain crops and preventing him from cultivating the land for several months after the leaks had been stopped, and that his land had been injured in the sum of $250 for each of said years and that the value of the crops destroyed and the loss of use of the land for planting of certain other crops likewise amounted to $250 for each of said years, and prayed judgment for the aggregate amount of $1,000. Answer of defendant was a general denial. Under the issues so framed trial was had to a jury. Evidence was not in serious dispute and established the fact that the water line had developed leaks during the winter months of each of said years and had discharged large quantities of water upon plaintiff's land, and as a result plaintiff had been unable to use the land for growing truck, berries for which it was particularly adapted, and had to plant other crops which were less profitable, and that during the two years plaintiff had not obtained a crop from two and one-half acres of youngberries which he had planted on the premises. There was no competent evidence of any permanent injury to the land, nor was there any competent evidence as to the value of the crops lost or of the depreciation in value of the land for the uses for which it was put and that for which it was adapted. Demurrer of defendant to the evidence of plaintiff and motion of defendant for directed verdict at the close of the evidence were overruled, defendant saving proper exceptions. Jury returned a verdict in favor of plaintiff and fixed his recovery at the sum of $500.

As grounds for reversal defendant urges lack of any competent evidence to sustain the verdict and error in the giving of certain instructions and in refusal to give certain requested instructions, and that the verdict is excessive. It will be necessary to consider only the first contention advanced.

It is well settled that in an action of the nature of the one here involved the plaintiff has the burden of proving the facts essential to the establishment of his cause of action, including the basis upon which a jury may calculate the financial detriment sustained. Oklahoma City v. McAllister, 174 Okla. 208, 50 P. 2d 361.

Plaintiff alleged three different elements of damage. One to his real estate, the other loss of crops, and the third for loss of use of the land for the purpose of planting certain crops to which it was particularly adapted. In order to establish the detriment alleged under the first allegation of injury, it was necessary for the plaintiff to prove the value of the property immediately before the injury and its value immediately thereafter (Gripe v. Hatmaker, 189 Okla. 317, 116 P. 2d 973; Greis v. Harjo, 185 Okla. 474, 94 P. 2d 539; Mid-Continent Petroleum Corporation v. Fisher, 183 Okla. 638, 84 P. 2d 22); and, in order to establish the detriment alleged under the claim of loss of crops, it was necessary for the plaintiff to show the probable yield under proper cultivation and the value of such probable yield when matured, gathered, prepared, and ready for sale, and the probable cost of such cultivation, gathering, preparing, and transporting the same to market. Gripe v. Hatmaker, supra; Bowles v. Brown, 187 Okla. 264, 102 P. 2d 837. Under the claim of damage resulting from a loss of opportunity to use the land for the cultivation of crops to which it was particularly adapted, the plaintiff was required to produce evidence of the value of the land for cultivation of such crops and its impaired value thereafter in

planting the crops which he did. See Garrett v. Haworth, 183 Okla. 569, 83 P. 2d 822. The evidence of plaintiff, while establishing the fact that the water had escaped upon his land and had washed some ditches therein and the fact that he had not been able to obtain any crops from his youngberries during the two years involved, and that he had planted the land to other crops than those he considered the land best adapted to growing, wholly failed to give the jury any facts from which they might calculate the financial detriment which plaintiff had sustained. Under these circumstances, there was absent evidence necessary to support a verdict in favor of the plaintiff, and when this appeared, the trial court should have sustained the demurrer of the defendant to such evidence, or at the close of the evidence should have directed a verdict in its favor. The conclusion thus reached makes it unnecessary to discuss any of the other contentions of the plaintiff.

Judgment reversed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.