SHELL OIL CO. et al. v. TATE.

No. 31246. March 21, 1944.

*147 P. 2d 445.*

24

Dolman, Dyer & Dolman and Champion & Champion, all of Ardmore, for plaintiffs in error.

Ernest W. Tate and Ogden & Wallace, all of Ardmore, for defendant in error.

PER CURIAM. This is an appeal from a verdict and judgment in favor of defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, in an action brought to recover damages to real estate and growing crops alleged to have been sustained as the result of pollution of a stream with oil and salt water.

The plaintiff in his petition and amendment thereto alleged, in substance, that he was the owner of 90 acres of land in Carter county, Okla., across which flowed a small stream known as Walnut creek, and that the defendants were the owners and operators of oil wells located in the drainage basin of said creek, and that said defendants had permitted oil and salt water and other deleterious substances to escape from their oil wells into said creek, and in 1940 and 1941 said creek overflowed its banks and flooded the land of plaintiff, and that the oil and salt water which defendants had permitted to escape from their oil wells into said creek had permanently injured a considerable portion of plaintiff's lands and had damaged and destroyed various growing crops upon said land during each of the years involved, and had also caused cattle of plaintiff to lose weight and made it necessary for plaintiff to expend money in the procurement of other pastures and of fresh water for the use of said cattle. Plaintiff alleged that all of the acts of defendant had resulted to his damage in the aggregate sum of $2,520, for which amount he prayed judgment. The answer of defendants consisted of general denials, plea of contributory negligence, and the statute of limitations in bar. Reply consisted of a general denial.

The evidence adduced at the trial was in conflict with respect to the extent, if any, to which oil and salt water had been permitted to escape from defendants' premises, and the injury, if any, which had been done to the lands and crops of the plaintiff. The evidence of plaintiff tended to show that due to the overflow of the creek in the years involved certain of his lands had been injured to some degree, and that certain of his growing crops, consisting of cotton, corn, and hegari, had been damaged and destroyed and that such damage had been proximately caused by oil or salt water. The evidence of plaintiff further showed that he had lost a cutting of Johnson grass hay in 1940, but failed to show the probable cost of cutting and preparing said hay for market. The evidence of defendants tended to negative the allegation of plaintiff that the oil and salt water was the proximate cause of his injuries. The evidence of plaintiff relative to injury to and loss

of growing crops was not substantially disputed. Upon the evidence, substantially as above narrated, the jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $700. Motions for new trial were overruled, and defendants appeal.

The defendants as grounds for reversal urge four propositions, which are, in substance: (1) The plaintiff cannot take advantage of his own wrong; (2) illegality in a transaction may be asserted without prior pleading thereof; (3) the evidence of plaintiff was insufficient to sustain a recovery by him for the loss of his Johnson grass hay; (4) a general verdict should not have been permitted. The primary contention of defendants to the effect that plaintiff should not be permitted to take advantage of his wrong rests upon the fact that plaintiff testified that he had lost a cutting of Johnson grass hay which defendants assert would have constituted a violation of a then existing statute (O. S. 1931, § 8880-8888), and therefore one for which a recovery was not permissible under the maxim ex turpi causa non oritur actio. The statute, supra, made it a misdemeanor to permit Johnson grass to mature, but it did not prohibit the cutting of Johnson grass for hay. The Johnson grass could be cut at any time before it developed full tassel without violation of the statute. There was no evidence that plaintiff intended to permit the Johnson grass to develop a full tassel before cutting the same for hay, and it cannot be presumed that he intended to do so. The cases of State v. Choate, 41 Idaho, 251, 238 P. 538, and McCormick v. Atchison, T. & S. F. Ry. Co., 84 Okla. 54, 202 P. 302, do not sustain the interpretation which the defendants seek to place thereon. On the contrary, we are of the opinion that they are authority for the proposition that the cutting of Johnson grass for hay does not necessarily constitute a violation of the then existing statute. The contention of defendants that the claim of illegality may be asserted even though it has not been pleaded, while sound as an abstract proposition of law under certain circumstances, is wholly inapplicable to the situation which is presented here. The contention rests upon the assumption that the act of plaintiff in cutting the Johnson grass hay would constitute a violation of law, and therefore be an illegal act. Since we have held to the contrary, this latter contention of defendants needs no discussion.

The third contention of defendants rests upon the fact that the plaintiff failed to offer evidence of the probable cost of cutting the hay and preparing and transporting it to market, and therefore was insufficient to furnish evidence necessary to enable the jury to determine the financial detriment sustained by the loss of such hay. The contention so made would be proper if the recovery of loss for the Johnson grass hay had to be relied upon to support the verdict. See Garrett v. Haworth, 183 Okla. 569, 83 P. 2d 822; Gripe v. Hatmaker, 189 Okla. 317, 116 P. 2d 973; Bowles v. Brown, 187 Okla. 264, 102 P. 2d 837. The Johnson grass, however, was only one of the items for which plaintiff sought recovery. Plaintiff was seeking damages for permanent injury to his real estate, for loss of his hay, loss of growing cotton, corn and hegari, for damage alleged to have been done to his cattle, and other items. The evidence adduced at the trial tended to establish permanent injury to the real estate in approximately $2,000, and injury to and loss of growing cotton, corn, and hegari in excess of the amount of the verdict returned by the jury. The evidence relative to the loss of Johnson grass was insufficient to support a verdict for that item, but likewise the evidence was insufficient to support a recovery for damages to the cattle and other items claimed by the plaintiff. Under these circumstances the failure of proof with respect to the Johnson grass becomes immaterial, the evidence being more than ample to sustain the verdict returned.

It is finally contended that the verdict should not have been a general one. There was no exception to the form of verdict nor was there any request for

special forms of verdict. While, as pointed out in Davon Oil Co. v. Steele, 186 Okla. 380, 98 P. 2d 618, it is better practice to require the jury to return separate verdicts where there are two or more separate causes of action involved, such requirement can be waived and will be waived where no attempt has been made to require plaintiff to separately state and number his causes of action and no request for separate verdicts has been made. In the case at bar it does not appear that the general verdict is such as would require a reversal of the cause or such as resulted in substantial prejudice to the defendants.

Under these circumstances, this court will not order a reversal.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, WELCH, and HURST, JJ., concur.