CITY OF OKMULGEE v. WALL.

No. 31962. March 5, 1946.

Rehearing Denied March 26, 1946.

*167 P. 2d 44.*

W. C. Alley, of Okmulgee, for plaintiff in error.

E. F. Maley, of Okmulgee, for defendant in error.

RILEY, J. This is a second appeal from a judgment in favor of W. R. Wall, herein referred to as plaintiff, against the City of Okmulgee. City of Okmulgee v. Wall, 193 Okla. 333, 144 P. 2d 103.

The cause was retried on the same issues, resulting in the same verdict and judgment.

On the former appeal, it was held that plaintiff alleged three different elements of damage: First, to his real estate; second, loss of crops; and third, loss of the use of part of his land for the purpose of producing certain crops to which it was particularly adapted. The former judgment was reversed because of failure of the evidence to establish facts upon which to calculate the detriment sustained.

Plaintiff sought, on retrial, to introduce evidence to establish the detriment under the first allegation of injury; defendant objected because plaintiff, in his brief on appeal, had said that he:

" . . . nowhere in his petition, contends that his land was *permanently* damaged. The water escaping from the main water line of the city was fresh water. Therefore, fresh water could not permanently damage the land. On this theory of *permanency* of alleged damages the first proposition of the city is based."

Objection was overruled and plaintiff produced evidence tending to show the value of the land immediately before the alleged injury and its value immediately thereafter. After plaintiff rested, defendant offered in evidence the foregoing excerpt from the brief of plaintiff in the former appeal. Upon objection by plaintiff, the proffered evidence was excluded.

Defendant contends this was error, and asserts that the alleged statement in the brief of plaintiff in the former appeal was a solemn, judicial admission and constitutes a waiver of an element of damages which plaintiff might otherwise claim.

Admissions in the law of evidence are defined as being concessions or voluntary acknowledgments made by a party of the existence of certain facts and may be direct or express, implied or indirect, or incidental. 22 C. J. 296.

Generally, a voluntary admission of fact is competent evidence against the party by whom it was made or to whom it is attributable, as a fact tending to show the truth of the statement and the existence of the fact to which it relates. 22 C. J. 297. This rule, however, is limited to statements or admissions as to matters of fact. Statements or admissions relative to questions of law are not admissible in evidence, for the reason that a party should not be affected by a statement which may be attributable to a misapprehension of his legal rights. 22 C. J. 298.

There was a controversy between the parties on the former appeal as to whether the plaintiff's petition alleged permanent injury to his land. Defendant asserted that it did, and plaintiff was contending that it did not. The question involved was one of law and not of fact. It was for the court to determine, and this court held as a matter

538

of law, that the petition alleged as one element of damages, permanent injury to the land; that in order to establish that element of damages, it was necessary for plaintiff to prove the value of the property immediately before the injury and its value immediately thereafter.

A statement made by counsel arguendo, relative to a question of law, cannot be considered evidence against the party so using it in an action involving the same subject matter. Marx v. Ettlinger, 46 C. A. 2d 628, 116 P. 2d 482.

In the statement sought to be introduced in evidence by defendant in the present case, counsel for plaintiff did not admit that plaintiff's land was not in fact permanently injured. What he did was to assert that as a matter of law the petition did not allege permanent injury. That was mere argument on a pure question of law. This court held against the contention and that became the law of the case. There was no error in excluding the statement.

It is contended that it was error to submit to the jury the question of damages to the real estate. This contention cannot be sustained. There was ample evidence tending to prove permanent injury to the land. The proof held essential in the former trial was produced. The question being within the issues and there being competent evidence as to the alleged injury and extent of the detriment, it was proper to submit the question to the jury.

Finally, it is contended that the verdict of the jury is excessive. Defendant bases this assertion on the first proposition, i. e., that permanent damages to plaintiff's land was not in issue in the second trial. As shown above, that question was in issue and there is ample evidence to support the verdict. Under the uncontradicted evidence, the jury would have been justified in returning a larger verdict.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, CORN, and ARNOLD, JJ., concur.