PURE OIL CO. v. RENTON et al.

No. 35197. Sept. 23, 1952.

*248 P. 2d 580.*

W. T. Anglin, Alfred Stevenson, and O. S. Huser, Holdenville, for plaintiff in error.

M. W. Janes, Charles E. Grounds, and E. Keith Cooper, Seminole, for defendants in error.

BINGAMAN, J. This action was brought by Johnston Renton and Margaret Renton, his wife, against the Pure Oil Company, to recover damages for the pollution of a stream flowing through the land of plaintiffs. In their first cause of action plaintiffs sued for damages on the ground that by the pollution of such stream they had been denied the profitable use and benefit of such farm for the purposes of raising hogs, cattle and other livestock. In a second cause of action they sought exemplary damages. The case was tried to the court without a jury and at the conclusion of the evidence the trial court overruled the motion of defendant for a directed verdict and rendered judgment on the first cause of action in favor of plaintiffs. He rendered judgment on the second cause of action for defendant. Defendant appeals.

From the evidence it appears that plaintiffs, in 1944, purchased a forty-acre tract of land, and in 1945 another forty acres, the two comprising the south half of the southeast quarter of section 3, township 9 north, range 6 east, in Seminole county; that at that time the land was subject to an easement made by the grantor of plaintiffs, whereby the Pure Oil Company was permitted to run salt water and other deleterious substances into the creek which traversed the land. This easement expired in 1947, and thereupon plaintiffs demanded that the defendant cease polluting the stream and make other disposition of its salt water and other deleterious substances. This suit was brought after defendant took no action to dispose of its salt water otherwise.

The decisive question urged by defendant is that the evidence was insufficient to support the judgment of the court. We think this contention must be sustained.

While plaintiffs and other witnesses testified that the water in the creek was salt, and the evidence showed that a considerable amount of salt water per day was dumped into the creek by defendant, there was no analysis of

the water and the only evidence produced by plaintiffs as to its effect on livestock was the testimony of plaintiff, Johnston Renton, that two years before, and while the salt water easement was in effect, two of his cattle had died from drinking salt water, and his further testimony that it would kill his hogs if he gave them access to it. Nor was there any testimony tending to show any depreciation in the usable value of the property due to the pollution of said stream. Renton testified that he was compelled to keep his hogs in a smaller pasture where they had access to a fresh water pond and that he had, in the past year, had about thirty head upon which he made a $300 profit. The court properly refused to permit him to testify as to the number of hogs he could successfully raise if the stream was not polluted, or the profit he would have made from raising them. Keener Oil & Gas Co. v. Stewart, 172 Okla. 143, 45 P. 2d 121. Questioned about the possibility of fencing off the stream from his land he testified that the wire alone would cost him some $300. This was all the testimony as to the damage suffered by him produced by plaintiff. No evidence was offered tending to show the difference between the usable value of the property if the stream had been free from pollution and its value as polluted.

In City of Okmulgee v. Wall, 193 Okla. 333, 144 P. 2d 103, and in Oklahoma City v. McAllister, 174 Okla. 208, 50 P. 2d 361, we held that where damage to the usable value of the property was the basis of plaintiff's claim, plaintiff was required to produce evidence of the value of the land for the purposes for which he intended to use it and of its impaired value due to the acts of the defendant.

: In City of Okmulgee v. Wall, supra, we said:

"Where there is no proof of either permanent or temporary damage to the land or the value of the crops lost or of the depreciation in the usable value

of the land, there is a want of sufficient evidence on which to base a verdict and demurrer to the evidence should have been sustained and a verdict directed for the defendant."

In Oklahoma City v. McAllister, supra, we said:

"Where a nuisance causes a permanent injury to property, the measure of damages is the depreciated value of the property; that is the difference between its value before and after the injury. If, however, as in the present case, the injury is not a permanent one, but only temporary or removable, the measure of damages is the depreciation in the rental or usable value of the property during the time of its maintenance, limited by the statute of limitation.

"The mere fact that an owner elects to be at the same time his own landlord and tenant does not destroy this rule, for a usable value like a rental value may be calculated from the value of the investment and probable returns."

The rule laid down in these cases has not been departed from and we think is controlling in the instant case.

Plaintiffs call attention to Phillips Petroleum Co. v. Ruble, 191 Okla. 37, 126 P. 2d 526, and Oklahoma City v. Eylar, 177 Okla. 616, 61 P. 2d 649, holding that damages may be recovered for a nuisance which unlawfully inconveniences, annoys and interferes with the rights of the plaintiff in the free use and enjoyment of their property. Examination of these cases, however, discloses that the nuisance in the Phillips case consisted of the vibration and noises made by the engines in their booster plant; and in the Eylar case the suit was brought for damages for the foul and noxious odors from sewage dumped into the Canadian River by Oklahoma City, which caused discomfort, annoyance and inconvenience to plaintiff and his family. The factual differences between those cases and the case at bar renders them inapplicable to the instant case.

Plaintiffs also assert that the trial court probably allowed them the $300 which they testified would be the cost of wire to fence the stream off from the land, plus the amount necessary to be expended for posts and labor to install such fence. There is nothing in the record to indicate that this was the basis of the court's judgment, and if so, the judgment would be based upon an improper measure of damages under the authorities above cited.

Reversed, with directions to grant defendant a new trial.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.