## HAMBURGER v. DAVIS.

No. 34656.    Oct. 28, 1952.

*249 P. 2d 723.*

Meacham, Meacham, Meacham & Meacham, Clinton, for plaintiff in error.

J. T. Bailey, Cordell, for defendant in error.

PER CURIAM. From a verdict and judgment in favor of the plaintiff in the sum of $1,311.70 for damages from the destruction by plowing under of some 85 acres of matured unharvested wheat crop, the defendant appeals.

For reversal the defendant contends the evidence of plaintiff wholly fails to prove either the value of the wheat crop at the time and place of its alleged destruction, or facts from which its value can be computed, and that the trial court therefore erred in overruling his demurrer to the plaintiff's evidence and in denying his motion for a directed verdict.

The plaintiff's evidence consisted of the testimony of himself and the witness Brown. The plaintiff testified that he was the tenant on the farm in question. That he had planted on this farm 220 acres of wheat. That he began the harvest of wheat the latter part of June, through a custom combine operator from Woodward who harvested 35 acres of the crop, and that he paid him five cents per bushel for hauling and paid for a total of 456 bushels. That the Woodward man abandoned the job because of constant rainfall and that plaintiff's brother harvested about 80 acres of the remaining wheat. This brother abandoned the harvest to take employment in Texas, and later, probably about the 26th day of July, a deal was made with the witness Brown to harvest the crop for half. The plaintiff also testified the government loan value of the wheat was $1.92 per bushel, which to him represented the fair market value of the wheat.

The witness Brown testified that pursuant to his agreement with the plaintiff and some time in August he harvested between 6 and 12 acres of the wheat which was all the wheat then remaining, which yielded between 50 and 60 bushels for the entire area harvested by him. He further testified that he had observed the wheat prior

to its being plowed under and that in his opinion the north patch, consisting of about 40 or 50 acres, would have yielded 12 bushels or better per acre, and the south part would have yielded 6 or 8 bushels per acre. The witness estimated some of the wheat would test about 38 and that of the two loads harvested by him one tested 52 and the other 54.

It has been repeatedly held by this court that the measure of damages for injury to growing crops is the value of the crop at the time of the injury. Bowles v. Brown, 187 Okla. 264, 102 P. 2d 837, City of Okmulgee v. Wall, 193 Okla. 333, 144 P. 2d 103, and Shell Oil Co. v. Tate, 194 Okla. 23, 147 P. 2d 445.

The value of the crops might have been established by proof of the number of acres destroyed, the probable yield per acre, the cost of harvesting and marketing and the value of the harvested wheat of the quality in question. In Garrett v. Haworth, 183 Okla. 569, 83 P. 2d 822, where the plaintiff attempted to sustain his recovery by this method of proof, the judgment was reversed because there was no evidence as to the cost of transporting and marketing the crops. The plaintiff there insisted that as an experienced farmer he was qualified as an expert to testify as to the value of the matured crops. That rule was recognized in the opinion but, as there observed, it did not supply the evidence which he failed to produce.

In Crow v. Davidson, 186 Okla. 84, 96 P. 2d 70, the judgment was also reversed because proof was not made as to the expense of harvesting and sale of the crop.

In the instant case there is no testimony as to the market value of the wheat, except testimony by the plaintiff that the government gave wheat generally a market value of $1.92 per bushel. Here the evidence discloses that much rain had fallen upon the wheat prior to the time of the damage complained of, which was in August,

and the testimony does not reflect what the wheat then harvested brought when it was marketed. We are unwilling to hold that the evidence is sufficient to sustain a judgment for damages, but we hold that the probable yield, the cost of transporting and marketing the crop, and the amount per bushel which would have been received therefor should have been definitely established, and that upon plaintiff's failure to establish these facts, the motion for directed verdict made by defendant should have been sustained.

Reversed and remanded for a new trial.

This court acknowledges the services of Attorneys Leonard Carey, Roscoe C. Arrington, and Joe H. Reily, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.