John E. NEWMAN, d/b/a Newman Krause Company, Plaintiff-Appellee,

v.

Ralph T. BRENGLE, Defendant-Appellant.

No. 11993.

United States Court of Appeals Seventh Circuit.

Dec. 20, 1957.

Rehearing Denied Jan. 27, 1958.

Mark P. Lockwood, Princeton, Ind., William L. Craig, Herman L. McCray, Evansville, Ind., for defendant-appellant.

Paul H. Schmidt, Benjamin E. Buente, Benjamin E. Buente, Jr., Buente & Buente, Evansville, Ind., for appellee.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an appeal from a judgment on a jury verdict for the plaintiff and against the defendant Ralph T. Brengle in the sum of $25,140.27 on Count One of an amended complaint, and in favor of

the other defendant Potter & Brumfield Manufacturing Company, Inc.

The amended complaint was in three counts. Count One declared upon a written contract seeking commissions allegedly due, Count Two in *quantum meruit* and Count Three for unjust enrichment.

The issues joined by Counts One and Two and the answers of the defendants thereto were submitted to the jury. At the conclusion of the plaintiff's case the defendants moved for a directed verdict. The District Court denied the motion as to Count One and granted the motion as to Count Two. The trial proceeded on Count One with the jury returning the verdict on which judgment was entered.

While the jury was deliberating, Count Three was tried to the Court terminating in an involuntary dismissal at the conclusion of all of the evidence. There is no cross-appeal and, therefore, there is no question raised by the plaintiff on the action of the District Court in directing a verdict for the defendants on Count Two or in dismissing Count Three.

The defendant-appellant asserts in his brief that the errors relied upon arise out of the ruling of the court as to his first defense; the failure of the court to require plaintiff to elect as to the theory upon which he intended to proceed; failure to grant motion for directed verdict on Count One of the amended complaint; failure of the court to construe the contract as a matter of law; rulings on the evidence; instructions; submission of the cause to a jury; denying motion for judgment n. o. v. and denying motion for new trial.

 There is no question but that Count One of the amended complaint stated a claim upon which relief could be granted as to the defendant-appellant. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10. The District Court was correct in denying the first defense which was a motion to dismiss for failure to state a claim "upon which relief can be granted."

 There is no merit to the contention that the District Court committed error in failing to require the plaintiff to elect as to the theory upon which he intended to proceed. The defendants, *sua sponte*, withdrew their motion after the District Court directed a verdict for them on Count Two and thereby waived error, if any, of which complaint is now attempted to be made.

 At the conclusion of the plaintiff's case, the defendants' motion for a directed verdict was denied as to Count One of the amended complaint and they thereupon introduced evidence on their behalf in defense. Error, if any, in the denial of the motion was thereby waived, and the motion was not well taken when made at the conclusion of *all* the evidence because of the evidence introduced by the defendants and particularly under the second defense of the defendant-appellant. Auto Transport, Inc., v. Potter, 8 Cir., 1952, 197 F.2d 907, 908–909.

 The defendant-appellant filed an answer consisting of five defenses. The second defense alleged that at all times mentioned in plaintiff's amended complaint and with reference to all matters alleged therein he "was, and acted in the capacity of, an independent contractor." He introduced evidence in proof of that defense. Accordingly when the defendants renewed their motion for a directed verdict at the close of all the evidence the question as to whether the defendant-appellant was acting as an independent contractor or as the agent of the defendant Potter & Brumfield Manufacturing Company, Inc. was one for the determination of the jury. The contract in suit was signed by the defendant-appellant without designation and the contract, as to the capacity in which he was acting at the time of its execution, was ambiguous and indefinite.

In order to determine the rights of the parties under the contract in suit the clause therein as to payment of commissions had to be construed. The defendant-appellant contended that the clause was unambiguous and should have been construed by the Court as a matter of law. However, the defendants without objection permitted the plaintiff to intro-

duce in evidence contracts and negotiations between the parties prior to the execution of the contract in suit along with the acts and conversations of the parties prior and subsequent thereto and simultaneous therewith. The defendants also offered the same kind of evidence in an attempt to prove their interpretation placed upon the contract. Therefore, we are not called upon to decide whether the contract in suit was ambiguous or unambiguous because the evidence of the plaintiff, which went to the jury without objection, and that introduced by the defendants themselves made the question of construction one for the jury. Accordingly, the District Court was correct in not construing the contract as a matter of law and in the submission of the cause to the jury.

In a careful review of the record in this case we cannot say that the District Court committed reversible error in any of its rulings on the evidence.

■ The Court gave instructions No. 15 and No. 16 concerning the construction of ambiguity and uncertainty in contracts, to neither of which the defendants objected. The defendants did object to the Court's instruction No. 13 and tendered to the Court instructions which informed the jury that they should determine from the actions of the parties the meaning they placed on the contract and thus decide its proper construction. The Court's instruction No. 13 given and objected to and the defendants' two instructions that were refused state that the harshness or inequity of a specific interpretation shall or shall not be considered according to the interpretation placed upon the contract by the parties themselves and that such interpretation will be determinative. The parties emphasize opposite sides of the problem, as might be expected, but the rationale is the same. Since the instructions requested by the defendants do nothing more than elaborate on the Court's instruction No. 13 we believe there is no merit to the defendants' objection to the instructions given or refused on these grounds.

The defendant-appellant also objects to the giving of the Court's instructions No. 7, 12 and 25 dealing with the law on breach of contract as to the burden of proof and the measure of damages. Error, if any, in the giving of these instructions would be harmless for the simple reason that any damages occasioned by defendants' breach of the contract and the amount of any commissions owing to the plaintiff under the contract would be identical.

■ Upon the record as it comes to us we believe the construction of the contract in suit was for the jury and the jury having decided that question on a record containing sufficient evidence to support its verdict and free from prejudicial error we cannot disturb it.

The judgment is

Affirmed.