**MONTGOMERY WARD & CO., an Illinois Corporation, Bob Hayes and Jean Foos, Plaintiffs in Error,**

v.

**Donna OLDHAM, a minor, who sues by and through Neale M. Oldham, her father and next friend, Defendant in Error.**

No. 40448.

Supreme Court of Oklahoma.

March 31, 1964.

Mitchell, Mitchell & DeClerck, Enid, for plaintiffs in error.

McKeever, Glasser, McKeever & Conrad, Enid, for defendant in error.

HALLEY, Vice Chief Justice.

Donna Oldham, a minor, plaintiff, brought this action by and through her father as next friend against Montgomery Ward & Company and two of its employees, Bob Hayes and Jean Foos. Montgomery Ward will be referred to as defendant and the two employees will be referred to by name. The action is primarily one

for false imprisonment arising out of an incident in and near defendant's store in Enid on Saturday, March 24, 1962. The jury verdict for plaintiff was in the sum of $1,500 for actual damages and the sum of $3,500 for exemplary damages. Judgment was entered thereon and defendants' motion for new trial was overruled. Defendants have appealed.

■ Defendants' first proposition of error is that the trial court should have sustained defendants' demurrer to the evidence and motion for directed verdict. Plaintiff alleged in her petition that she should recover damages for false arrest, false imprisonment and detention, illegal search, slander, and assault and battery. Defendants argue that plaintiff did not make out a prima facie case for any element of damage except false imprisonment. Defendants state in their brief, "defendants submit they are entitled to have the case tried then on the basis of false imprisonment alone." We find no error was committed by the trial court in failing to sustain defendants' demurrer to the evidence and motion for directed verdict because we agree with both parties that plaintiff presented evidence sufficient to warrant submission to the jury of part of plaintiff's claims. In the syllabus of Runyan v. City of Henryetta, Okl., 347 P.2d 1014, we held:

"Where plaintiff seeks to recover on two or more grounds of damages and evidence tends to show plaintiff is entitled to relief on one ground but may not be sufficient as to certain other grounds, it is error to sustain a general demurrer to plaintiff's evidence."

■ Defendants' sixth proposition of error is that "the verdict and form thereof submitted to and returned by the jury was improper." Defendants cite the first paragraph of the syllabus of Stephens v. Draper, Okl., 350 P.2d 506, which is:

"Where a cause consisting of two or more separate causes of action is tried to a jury, separate forms of verdicts for the separate causes of action should be submitted to the jury."

This holding does not, however, mean that it is reversible error in every case for the trial court to fail to submit separate forms of verdicts for separate causes of action. Cooper v. Woodruff, Okl., 357 P.2d 969; and Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664.

In Shell Oil Co. v. Tate, 194 Okl. 23, 147 P.2d 445, we said:

"* * * it is better practice to require the jury to return separate verdicts where there are two or more separate causes of action involved such requirement can be waived and will be waived where no attempt has been made to require plaintiff to separately state and number his causes of action and no request for separate verdicts has been made. In the case at bar it does not appear that the general verdict is such as would require a reversal of the cause or such as resulted in substantial prejudice to the defendants."

■ The defendants herein did not complain about the verdict until after it was received, ordered filed, and judgment ordered to be entered in accordance therewith, and then they merely noted an objection to the verdict and its form. In noting their exception they did not make any request for special forms of verdict. The defendants do not present any argument on appeal that the general verdict resulted in substantial prejudice to them and we find none. Furthermore, we find that the verdict of the jury (and the judgment entered thereon) was sustained by the evidence. We will discuss this evidence later in this opinion. This Court will not order a reversal under these circumstances.

Defendants' seventh proposition is that the judgment was excessive and appears to have been given under the influence of passion and prejudice. Defendants recognize that we used the following language in disposing of this same argument in

Mayo Hotel Company v. Cooper, Okl., 298 P.2d 443, 446:

"* * * From an examination of many cases dealing with false imprisonment with reference to the amount of damages awarded, we find some of the lesser amount than awarded here and many cases far in excess of that in this case awarded. The amount depends upon the facts in each particular case, with especial regard to the relationship of the parties, the means and extent of the unlawful detention, the amount of suffering, humiliation, and disgrace thereby caused, and any other proper facts or elements present."

In the Mayo Hotel case, supra, plaintiff was taken to jail and kept for approximately one full day. A judgment of $4,000 for actual damages was affirmed. Plaintiff's testimony in the instant case was that she was fourteen years of age at the time of the incident when she went with a friend of like age to defendant's store where the friend tried on several swimming suits. Plaintiff and her friend then went to another part of the store and were standing between two display counters when defendant Hayes approached them and blocked their exit from the counter passage. He said something to her which she did not understand. Then he "grabbed" her purse, pulled it open and "shuffled" around inside it. He also "grabbed" a sack of doughnuts she was holding in her hand and looked in it. He then walked away. She testified that during the time he was searching her belongings, he blocked her free exit from the counter and she could not have gotten around or away from him. She and her friend left defendant's store and went to another store where they were standing when defendant Hayes and defendant Foos came into such other store and "grabbed us." Defendant Foos told the two girls that they "had to go back over to Montgomery Ward because she (Mrs. Foos) thought that we (plaintiff and her friend) had one of their bathing suits." Plaintiff broke loose from defendant Foos' grasp on

her arm because it was hurting her, but she returned to defendant's store with defendant Foos because she was told she had to and she did not know what else to do. At the store she was directed to go into a dressing room where another of defendant's employees, without asking or obtaining permission, "grabbed" her blouse, caused it to come unbuttoned, examined her undergarments, then announced, "Well, you don't have it. You can go." Plaintiff testified that she was then allowed to leave the store. She was "scared" and "kind of crying."

Thereafter she was able to contact her parents for the first time since this series of events began. She said she was crying because she had noticed people staring at her and it was embarrassing to her. For about a week thereafter classmates teased her about it and asked her where she hid the swimming suit. Even after that, some of her friends asked her what she was doing about it. She specifically testified that neither she nor her friend took any of defendant's property. Her friend testified to substantially the same facts.

These facts are not too different from those in Halliburton-Abbott Co. v. Hodge, 172 Okl. 175, 44 P.2d 122, in which we approved a verdict for $1,000 actual damages and $3,000 punitive damages. We there noted that verdicts for actual damages in false imprisonment cases ranged up to $10,000 and in many of them the exemplary damages were considerably in excess of the actual damages awarded. We also said that there are few more horrifying experiences than that of being suddenly snatched from a peaceful and orderly existence and being placed in the helpless situation of having one's liberty restrained, under the accusation of a crime. And this is particularly true in the case where the party is an inexperienced woman. Of course, in the instant case there was a conflict in the evidence and defendants' witnesses made these events appear much less severe. But it is up to the jury to award damages, and we find that there is sufficient evidence to sup-

port the actual and exemplary damages awarded herein.

■ Defendants' second, third, fourth and fifth propositions of error have to do with certain instructions given by the court and one which was requested by defendants and not given by the court. Defendants contend in their fifth proposition that it was error for the court to fail to give their requested instruction No. 3, having to do with probable cause, which defendants state was "the whole defense of this case." We find that this requested instruction was covered, in substance, by Instruction No. 14 given by the court covering this same defense fully. Defendants' second and third propositions complain of error by the court in giving four instructions, and defendants' fourth proposition is that certain of the court's instructions were inconsistent and misleading. We have carefully studied these arguments and find that they are unavailing. Defendants did not present any requested instructions on the law embodied in the four instructions about which complaint is made, and we find that such instructions together with the others given by the trial court properly cover the law applying to the case. Instructions to the jury must be construed together as a whole, and if, when so considered, they properly state the applicable law, they are sufficient. A judgment will not be disturbed on appeal because of an erroneous instruction, unless it appears reasonably certain that the jury was misled thereby, resulting in a miscarriage of justice. Commonwealth Life Insurance Company v. Gay, Okl., 365 P.2d 149.

From a careful consideration of all the facts and applicable law, we conclude that the judgment should be, and it is hereby affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.

BERRY, J., concurs in part; dissents in part (as to amount).